## McCASKELL *vs.* LEE.

[MOTION TO SET ASIDE SALE OF LANDS UNDER EXECUTION.]

1. *Nature of proceeding.*—A motion to set side a sale of lands under execution is a proceeding of an equitable nature, to be determined upon equitable principles, and not always regulated by fixed rules.

2. *Laches.*—The appellate court will not, unless error is clearly shown, reverse the decision of the circuit court in overruling such a motion on the ground of laches; and in this case, the motion being made after the lapse of more than four years from the time of the sale, and nearly two years after the commencement of a suit by the purchaser to recover the possession of the land, and no satisfactory reason for the delay being shown, the motion was held to have been properly overruled.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN GILL SHORTER.

THE appellant in this case made a motion, at the April term, 1861, of the circuit court of said county, to set aside a sale of certain lands. The sale was made by the sheriff, under a *venditioni exponas* from the circuit court, on the first Monday in January, 1857; several executions from a justice's court having been levied on the land by a constable, as the property of one John Barnes, and the proceedings having been thereupon returned into the circuit court by the justice. Charles S. Lee, who was one of the plaintiffs in execution, became the purchaser at the sale, and received the sheriff's deed; but the land remained in the possession of the defendant in execution, until the 22d October, 1857, when he sold and conveyed, at the price of thirteen hundred dollars, to the appellant, who thereupon paid the purchase-money, and took possession under his purchase. At the fall term, 1859, Lee instituted an action against McCaskell to recover the possession of the land; and that suit was pending when the petition to set aside the sale was filed. The petition alleged, as grounds of relief, that the land consisted of four separate forty-acre parcels, but was sold by the sheriff in one body; that the land was worth

at the time of the sale thirteen hundred dollars, and was knocked off to Lee for fifty dollars; that Lee never demanded the possession of the land until after the expiration of the two years allowed by the statute for redemption; that the petitioner had no knowledge or information of the sheriff's sale until Lee demanded the possession of the land; and that he did not know, until the term of the court at which the petition was filed, that he had the right to move to set aside the sale. The judgment entry sets out all the facts proved on the hearing, and recites that the appellant excepted to the overruling of his motion; but there is no bill of exceptions in the record. The overruling of the motion to set aside the sale is now assigned as error.

L. L. CATO, for appellant.
MARTIN, BALDWIN & SAYRE, *contra.*

R. W. WALKER, J.—The time within which a motion to set aside a sale of land under execution must be made, has not been, and perhaps cannot be, definitely settled. The proceeding is of an equitable nature, to be determined upon equitable principles, not always regulated by fixed rules; and we are not disposed to reverse the decision of the circuit judge, upon the question of *laches* involved in such a case, unless thoroughly convinced that he has erred. In the present case, the motion was not made until over four years after the execution sale, and more than eighteen months after the purchaser at that sale had brought his action of ejectment against the appellant, for the recovery of the land; and the record fails to establish any satisfactory reason for the delay. The record fails to show the precise time of the institution of the ejectment suit, and, for aught that is shown to us, the delay in making the motion may have been nearly two years; it could not have been less than eighteen months. Under these circumstances, without going into the question whether a party, who has purchased from the defendant in execution after the sheriff's sale, is competent to make the motion, we are not so thoroughly convinced that the court erred in over-

ruling the motion, as to feel it our duty to reverse the judgment.—See *McCollum v. Hubbert & Caple*, 13 Ala. 289. Affirmed.