## Lockett, Adm'r *v.* Hurt *et al.*

*Bill in Equity to remove Cloud on Title, and for Redemption.*

1. *Cloud on title; what constitutes.*—A deed void on its face does not cloud the title; but where it is apparently good, and its invalidity can be shown only by the introduction of extrinsic evidence, it is a cloud, which equity will remove by compelling the surrender and cancellation of the deed.

2. *Same.*—A sheriff's deed at execution sale of lands clouds the title, notwithstanding the court of law subsequently vacates the sale; for that court can not compel the cancellation of the deed, and the order of vacation being no part of the record of the judgment under which the sale was made, the purchaser is not bound to offer it in support of his deed, which, sustained by a valid execution, is apparently good, and would authorize recovery in ejectment, unless the subsequent order be shown in rebuttal.

3. *Equity, jurisdiction of; when not ousted by relief at law.*—The jurisdiction of a court of equity, rightfully attached on the filing of original bill, to remove a cloud cast on the title by a sheriff's deed, and to have the sale vacated, is not ousted, because the court of law, at the instance of complainant, during the pendency of the bill, vacated the sale and directed the complainant to refund the purchase money—the amendment of the bill averring these facts, showing that the purchaser still retains the deed and has received rents for which he should account.

APPEAL from Perry Chancery Court.

Heard before Hon. CHAS. TURNER.

The appellant, Lockett, as administrator *de bonis non* of one Nave, deceased, filed this bill against Hurt, who had purchased the intestate's lands at sheriff sale had after his death on executions issued in his life time, and Torbet, the former administrator in chief, who had been removed, praying the court to compel Hurt to allow complainant to redeem, if the sheriff's sale was valid, and also to have the sale set aside, on the ground of fraud, irregularity and illegality.

The original bill charges that Torbet, who was administrator at the time of the sale, combined with Hurt, the purchaser, to prevent the lands from bringing a fair price, and that the sale was irregular and illegal, in certain particulars which need not be further noticed, save to say that none of the irregularities complained of appeared on the face of the deed. It shows that Hurt went into possession after receiving the sheriff's deed, and for some time past has been receiving rents, incomes and profits from the lands, and that Hurt has refused to allow complainant to redeem the lands, although complainant made a proper tender, and demanded to be allowed to redeem. Complainant offers to pay whatever sum, in the opinion of the court, Hurt is entitled to receive, in event the sale and conveyance of the sheriff are valid; and in event the court should set them aside, offers to refund the purchase money, after making proper deductions for the rents received by Hurt. Afterwards, Lockett amended his original bill, averring that since its filing the Circuit Court, out of which the execution issued, had, after proceedings to which Hurt was a party, "made an order setting aside the sale and purchase, for irregularities by the sheriff, and requiring complainant to pay said Hurt the amount of money specified in the sheriff's deed," and that complainant "is willing to pay said Hurt that amount, but avers that the rents of said lands are in the hands of Hurt, for which he is liable to account, and that an account with respondent of said rents and profits is necessary to determine the balance due, and that said deed in the hands of said

[Lockett, Adm'r v. Hurt et al.]

respondent, is a cloud on the title to the lands, and should be delivered up; which relief can not be obtained in any other than a court of chancery."

There was a demurrer to the amendment, and that being overruled, the respondents answered. The cause was submitted on bill, answer and testimony, and motion to dismiss for want of equity. The chancellor was of opinion that the deed to Hurt could not constitute a cloud on the title, as the record necessary to be given in evidence in support of it, would show there was no sale to sustain it, and that there was ample remedy at law as to the rents and the amount to be refunded to Hurt, and he therefore dismissed the bill. This decree is now assigned as error.

ELMORE & GUNTER, for appellant.

BROOKS, HARRALSON & ROY, contra.

BRICKELL, C. J.—The power of a court of law to vacate a sale of land, made under its process, because of irregularity, or illegality, or fraud, injurious to the parties, or to their privies in estate, or in interest, has been frequently recognized and affirmed by the decisions of this court. *Mobile Cotton Press v. Moore,* 9 Port. 679; *Lee v. Davis,* 16 Ala. 576; *Abercrombie v. Conner,* 10 Ala. 393; *McCaskill v. Lee,* 39 Ala. 131; *Henderson v. Sublett,* 21 Ala. 626; *Lankford v. Jackson, ib.* 250. If the sale is impeached because of irregularities merely, the jurisdiction of the court of law to vacate it, is exclusive. There must be fraud or collusion, or an inability of the court of law to furnish adequate relief, to justify the interference of a court of equity. The correction of errors or irregularities in the use of legal process, or in the judgments of courts of law, is not within the province of equity.—*Shottenkirk v. Wheeler,* 3 Johns. Ch. 280; *Cavenagh v. Jakeway,* 1 Walk. Mich. 344. If the sale has been followed by a conveyance, casting a cloud on the title, a court of law is incompetent to decree and compel the cancellation of such conveyance, and if the cancellation is necessary to quiet the title, and prevent future litigation, a court of equity will intervene because of the inadequacy of legal remedies.—2 Story's Eq. § 692; *Bromley v. Holland,* 7 Vesey 18.

The original bill was filed in a double aspect; *first,* asserting a right to redeem the lands, under the statute, if the sale by the sheriff was valid; *secondly,* asserting the invalidity

[Lockett, Adm'r v. Hurt et al.]

of the sale, because of irregularity, illegality and fraud, and averring the execution of a conveyance by the sheriff to the purchaser, the appellee, Hurt. Appropriate relief, in either aspect of the case, is prayed. Subsequently the appellant moved the court of law, from which the execution issued, to set aside the sale, on the same grounds averred in the original bill. While the original bill was pending, the court of law rendered judgment setting aside the sale, and directing the appellant to refund to the purchaser the purchase money, with interest thereon. By an amended bill, the appellant presented the judgment of the court of law, averred his willingness and readiness to account with the purchaser for the purchase money, but averred the purchaser had possession of the lands, from the sale, receiving the rents and profits, and praying an account of these, and that they should be set off against the purchase money. The rules of practice now provide that "new facts occurring since the filing of a bill, may be introduced by way of amendment, without a supplemental bill."—Rule 45, R. C. 829. The amendment disclosed that the full relief prayed by the original bill was unnecessary—the judgment of the court of law, vacating the sale, to that extent accomplishing all that a decree in equity would accomplish. It also disclosed the invalidity of the sale, and evidence of it, conclusive and indisputable as against the purchaser, who was a party to the judgment of the court of law. The supplemental matter introduced by the amendment, merely varied the relief to which the appellant was entitled. It did not, as the chancellor supposed, show that further relief in equity was unnecessary, or without the jurisdiction of the court. The deed executed by the sheriff remained in the possession of the purchaser a cloud on the title.

No fact appeared on the face indicating the irregularity, or illegality, or fraud, attending the sale. Apparently, it was a valid and operative conveyance, passing to the purchaser the estate and interest of appellant's intestate in the lands. The judgment of the court of law does not profess the cancellation of this deed, and its cancellation was, as we have already said, without the jurisdiction of that court, lying peculiarly and exclusively within the jurisdiction of a court of equity. True, if the purchaser, or one claiming under him, should ever assert title under the deed against the appellant, or those claiming under him, or from the intestate, the record of the judgment of the court of law vacating the sale, would show conclusively its invalidity. This is evi-

dence extrinsic to, and independent of, the deed, and must be introduced by those who oppose the deed. In this lies the distinction between this case and that of a deed void on its face. A deed void on its face, needs only exhibition to be condemned at law, or in equity, and of consequence, it is held, casts no cloud on the title of the true owner. If, on its face, it is apparently valid, but extrinsic facts exist which reder it void, a court of equity will decree its cancellation, while, according to the authorities in this State, it will not intervene if its invalidity is apparent on its face.—*Rea v. Longstreet & Sedgwick et als.* 54 Ala. 670. In that case, we said the true test to determine whether a court of equity should assume jurisdiction to remove a cloud on the title to real estate, is : "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery ? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight, without proof in rebuttal, no occasion could arise for the equitable interposition of the court." An application of this test to the present case, is an affirmation of the continuance of the jurisdiction of the court of equity to decree a cancellation of the deed made by the sheriff to the purchaser. It can not be doubted, that in the aspect of the case we are now considering, the original bill presented a clear case of equitable cognizance, and that the court could and ought, the allegations of the bill being proved or admitted, to have decreed a vacation of the sale, a cancellation of the sheriff's deed, the payment to the purchaser of the purchase money which had been applied to satisfy a judgment, a lien on the lands, and an account against the purchaser of the rents and profits. Complete justice, and a final determination of the litigation, would have compelled such a decree. Partial relief the appellant obtained by the judgment of the court of law— that is, the vacation of the sale. That judgment is conclusive evidence of the invalidity of the deed. The judgment, as matter of evidence, is only in furtherance of the adequate relief a court of equity can afford, and not an obstruction to that relief. The power of the court of law was exhausted when the sale was set aside. The deed of the sheriff remains a cloud on the title. It is accompanied by evidence of the judgment against the intestate, and the execution the fitting evidence in an action of ejectment by the purchaser to

recover the lands, and will support that action until the judgment vacating the sale is introduced in rebuttal, or in answer to it.   The action by the purchaser would not fall *of its own weight*, but would be overcome by opposing evidence. Such opposing evidence being necessary, the deed is a cloud on the title, and its cancellation ought to have been decreed. The evidence of its invalidity would not, as the chancellor supposed, appear from the evidence the purchaser would be compelled to produce.   It would appear only from the evidence in rebuttal.   The judgment vacating the sale is not a part of the record of the judgment under which the lands were sold.   It is a new, distinct, independent judgment, rendered in a new proceeding, having different parties, a different subject matter, operating differently, and the subject of an appeal, which would not open an inquiry into the judgment under which the lands were sold.

Conceding the appellant has a clear and adequate remedy at law, against the purchaser for the recovery of the rents and profits, during his possession of the lands, yet, as the court of equity has jurisdiction to decree a cancellation of the deed of the sheriff, as auxillary to that jurisdiction, a decree for an account of the rents and profits, and that they be set off against the purchase money, should be rendered. It is a very general principle, that when the jurisdiction of a court of equity attaches, the court will settle the litigation and do complete justice without remitting the parties to a court of law, though as to some features of the case, the remedy at law is adequate.—*Stow v. Bozeman*, 29 Ala. 397; *Scruggs v. Driver*, 31 Ala. 274.   The termination of litigation, and the ends of justice, can be accomplished only by such a decree.

The court of chancery having acquired rightful jurisdiction by the filing of the original bill, was not ousted of that jurisdiction by the partial relief obtained at law.   Full relief could be obtained only in equity.

The decree of the chancellor must be reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.