# Cowan & Co. v. Sapp.

*Bill in Equity to set aside Sale under Execution, and to enjoin Action at Law by Purchaser.*

1. *Setting aside sale under execution; remedy at law, and in equity.* When a sale of lands under execution at law is impeached, because of mere error in the process, or on account of some error attending its execution, the court from which the process issued has exclusive jurisdiction to set aside the sale; but, if fraud or illegality attends the sale, or it has been followed by the execution of a conveyance casting a cloud upon the title, a court of equity has jurisdiction concurrent with the court of law to set it aside.

2. *Same, on ground that judgment was in fact satisfied.*—If the judgment was in fact satisfied at the time of the sale under execution, the court from which the process issued has undoubted jurisdiction to set aside the sale; but, if the process is regular on its face, and the sale is followed by a regular conveyance to the plaintiff in execution as the purchaser, the fact of payment resting in parol, a court of equity will intervene, at the instance of the defendant in possession, set aside the sale, and cancel the conveyance as a cloud on the title.

3. *Same; diligence required of plaintiff.*—A party who seeks to set aside a sale under legal process, whether by motion in the court from which the process issued, or by bill in equity, must act promptly, or must satisfactorily explain any unreasonable delay; but no time can be definitely fixed, within which the application must be made, since the proceeding is of an equitable nature, dependent upon equitable principles, and necessarily governed by the varying facts of each particular case (Doubting the correctness of the general rule declared in *Abercrombie v. Conner*, 10 Ala. 296.)

4. *Same.*—In this case, more than three years after the sale having elapsed before the bill was filed to set it aside, the delay was held sufficiently explained by proof of the facts, that the payment of the judgment was made to the plaintiff in Nashville, Tennessee, on the same day the land was here sold under execution, and that he made no effort to recover possession, as purchaser at the sale, until about six months before the bill was filed.

5. *Parol evidence explaining receipt.*—A receipt given on the payment of money, whatever may be its terms, is open to explanation or contradiction by parol evidence; and any misdescription, or defective description of the debt, on which the payment was made, may be corrected or supplied by parol evidence.

6. *Acceptance of part, in satisfaction of debt.*—At common law, a promise by the creditor to accept less than the full amount of his debt, or its acceptance, no release being given, and the evidence of the debt not being surrendered, did not operate as a payment, nor as an accord and satisfaction; but, under the statute declaring that "all receipts, releases, and discharges in writing, must have effect according to the intention of the parties" (Code, § 3039), such acceptance may amount to full satisfaction.

APPEAL from the Chancery Court of Blount.

[Cowan & Co. v. Sapp.]

Heard before the Hon. Thomas Cobbs.

The bill in this case was filed on the 13th April, 1882, by Doctor B. Sapp, against the persons composing the partnership of Cowan & Co., a mercantile firm doing business in Nashville, Tennessee; and sought to set aside a sale of lands under execution in favor of said Cowan & Co., at which they became the purchasers, to cancel and set aside the sheriff's deed to them, to have their judgment entered satisfied, and to enjoin an action of ejectment which they had brought to recover the land. The judgment of said Cowan & Co. was against the complainant and one Huffman as partners, was for $240.60, besides costs, and was rendered by the Circuit Court of Blount county, on the 29th August, 1878; and it was founded on a promissory note for $229.10, due and payable on the 27th October, 1877. An execution was issued on this judgment, and was levied, October 8th, 1878, on a tract of land in the possession of the complainant; and under this levy, on December 2d, 1878, the land was sold by the sheriff, Cowan & Co. becoming the purchasers at the price of $300. The bill alleged that, before this sale, and while said execution was in the hands of the sheriff, "A. J. Stephens, in behalf of complainant and his said co-partner, Thos. Y. Huffman, paid to said Cowan & Co. the sum of $93.60, in full satisfaction of said execution and costs, and, in evidence thereof, took from them their paper writing," or receipt, which was made an exhibit to the bill, in the following words: "*Nashville, Tenn.*, Nov. 6th, 1878. To note on Huffman & Sapp, due Oct. 26, '77, $229.16. Rec'd of A. J. Stephens, Nov. 6th, 1878, ninety-three 60-100 dollars in full for our claim of above note against Huffman & Sapp. We agree, if our lawyers (Hamill & Dickinson) have collected this claim, to refund the same to said A. J. Stephens;" signed, "Cowan & Co." The bill alleged, also, that the complainant continued in the possession of the land, by himself and tenants, without interruption, until the 27th September, 1881, when Cowan & Co. brought an action of ejectment to recover the possession; and the bill sought to enjoin the further prosecution of this action.

The defendants demurred to the bill, assigning the following as grounds of demurrer: 1st, that the complainant has delayed an unreasonable time, and shows no excuse for his delay; 2d, that he has a plain and adequate remedy at law; 3d, that the receipt shows on its face that it was not given in satisfaction of the judgment; 4th, that said receipt, "so far as it purports to be in full of said note, is without consideration beyond the amount paid;" 5th, that the bill "seeks by parol to contradict, alter, or add to the terms of said written instrument." The chancellor overruled the demurrer, and his decree is now assigned as error.

[Cowan & Co. v. Sapp.]

C. F. HAMILL, for appellants.—The bill is in the nature of a bill for specific performance, which is never decreed where the contract is founded in mistake, nor unless strictly equitable. 1 Brick. Dig. 602, § 760; *James v. State Bank*, 17 Ala. 69; *Gould v. Womack*, 2 Ala. 83; *Ellis v. Burden*, 1 Ala. 459; *Casey v. Holmes*, 10 Ala. 776. The receipt was evidently given by Cowan & Co. in ignorance of their judgment, and it does not purport to be given in satisfaction of the judgment. The bill does not allege any mistake in its terms. Beyond the amount actually paid, it is inoperative and worthless.—Cases cited in 1st Brick. Dig. 384, § 130. This was the rule of the common law, which must be presumed to prevail in Tennessee, where the payment was made and the receipt given.

GEO. H. PARKER, and J. W. INZER, *contra*.—The jurisdiction of a court of equity to grant relief, under the facts alleged in the bill, is well established.—*Ray's Adm'r v. Womble*, 56 Ala. 32; *Lockett v. Hurt*, 57 Ala. 198; *Dexter v. Strobach*, 56 Ala. 133; 2 Story's Equity, § 692; Rorer on Jud. Sales, §§ 855–56; *Rea v. Longstreet*, 54 Ala. 291; *Daniel v. Stewart*, 56 Ala. 278. That the bill was filed in time, see *Ray's Adm'r v. Womble*, 56 Ala. 32; *Abercrombie v. Conner*, 10 Ala. 296. A receipt is only *prima facie* evidence, and subject to explanation by parol.—1 Brick. Dig. 860, §§ 809–10. By statute, effect is to be given to the receipt according to the intention of the parties.—Code, § 3039. As to the law of Tennessee, see Tenn. Statutes, vol. 2, §§ 3789–90; 10 Yerger, 160; 10 Humph. 188; 2 Head, 116.

BRICKELL, C. J.—1. The jurisdiction of the Circuit Court, to set aside the sale of the lands, because of the satisfaction of the execution at the time it was made, can not be doubted. Every court has an inherent power to prevent or correct the abuse of its own process by parties controlling it, or by the officer charged with its execution.—*Mobile Cotton Press v. Moore*, 9 Porter, 679; *Abercrombie v. Conner*, 10 Ala. 393; *Henderson v. Sublett*, 21 Ala. 626; *Lankford v. Jackson*, *Ib.* 650; *Lockett v. Hurt*, 57 Ala. 198. If the sale were impeached because of mere error in the process, or because of mere error or irregularity in its execution, the jurisdiction of the Circuit Court would be exclusive; for the correction of errors or irregularities in the judgments of courts of law, or in legal process, or its abuse, is not within the province of a court of equity. But, if fraud or illegality attends the sale, or if it has been followed by the execution of a conveyance casting a cloud upon the title, and which may be at any time employed to disturb the possession, the jurisdiction of a court of equity is concurrent with that

of the court of law.—*Ray v. Womble*, 56 Ala. 32; *Lockett v. Hurt*, 57 Ala. 198.

2. If the execution was satisfied at the time of the sale of the lands,—and such is the averment of the original bill,—the plaintiffs in execution, to whom the satisfaction was made, being the purchasers, the sale is voidable. In some direct proceeding it must be avoided, to restore the defendants in execution to the condition in which they were when it was made. Sales of lands by sheriffs under legal process not void upon its face, which stands good until it is vacated by the judgment of a court of competent jurisdiction, unless it be process void because of the death of the party in whose favor it was issued, or because of the death of the party against whom it issues, can not be collaterally impeached.— *Ware v. Bradford*, 2 Ala. 676; *Fournier v. Curry*, 4 Ala. 321; *Hubbert v. McCollum*, 6 Ala. 221. The fact of satisfaction resting in parol, could not appear upon the face of the conveyance of the sheriff; nor would it appear from the judgment or execution, to which the conveyance refers as the source of the power of the sheriff to make the sale. The conveyance by the sheriff not disclosing the invalidity of the sale, at law, in an action for the recovery of the lands, it would prevail as valid and operative. It is within the peculiar jurisdiction of a court of equity, to intervene for the cancellation of conveyances of lands, at the instance of a party having rightful possession, the invalidity of which can be made apparent only by a resort to extrinsic evidence.—*Ray v. Womble*, 56 Ala, 32; *Rea v. Longstreet*, 54 Ala. 291.

3. A party seeking the vacation of a sale under legal process, whether he invokes the jurisdiction of the court from which the process issued, or the concurrent jurisdiction of a court of equity, must act promptly. Unnecessary, unreasonable delay in moving, will be regarded as a waiver, or as acquiescence in the irregularity, illegality or fraud, which may have attended the sale, if it be not accounted for satisfactorily. There is no period fixed and defined, within which the motion to vacate a sale must be made in a court of law, nor within which there must be a resort to a court of equity. Each case is, of necessity, controlled by its peculiar circumstances. In *Abercrombie v. Conner*, 10 Ala. 296, in answer to an objection that the party moving a vacation of the sale of lands, because of the satisfaction of the execution under which it was made, had too long slumbered upon his rights, the court said: "Upon the sale of lands under execution, a mere right of action passes to the vendee; but, when personal property is sold, the possession itself is delivered. In the latter case, the application to set aside the sale must be immediate, or, at least, as soon as reasonably may be, or the delay must be excused; but, when lands

[Cowan & Co. v. Sapp.]

are the subject, the motion may be made at any time before the purchaser takes possession, or recovers it by suit, unless the possession is acquired in so short a time after the sale that an application can not be conveniently made. Until the possession is disturbed, the parties in interest may have had no notice of the sale, or, if they have, perhaps may infer that the purchaser will not attempt to claim under his purchase. There is no necessity for the party in possession to be active, until the purchaser obtains possession, or makes an effort to acquire it." The length of time which had intervened between the sale and the motion for its vacation does not appear from the report of the case, nor does it appear whether the party complaining had notice of the sale at the time it was made.

In the preceding case of *Hubbert v. McCollum*, 6 Ala. 225, the court had said, in regard to the time a motion to avoid a sale of lands under execution should be made, that it would be most regular at the first term succeeding the return of the process, though, for satisfactory reasons, the court could interfere at a subsequent term. The case returned to this court, and it appearing that the party moving to set aside the sale, having full knowledge of the sale, and of the facts relied on for its vacation, had permitted more than four years to elapse before intervening, during a large portion of which period he had been engaged in litigating the title with the purchaser, the court said: "The law does not regard such delay with indulgence, and the inference of acquiescence on the part of the plaintiff in any supposed fraud or irregularities in the sale may well be drawn, requiring stronger proof to warrant the interposition of the court." *McCollum v. Hubbert*, 13 Ala. 289.

In *Daniel v. Modawell*, 22 Ala. 365, the deputy sheriff became the purchaser of lands at a sale made by the sheriff, having at the instance of the defendant in execution forbid the sale, and purchasing at a price greatly below the value of the lands. The plaintiff in execution permitted more than four years to elapse, during which time the purchaser had taken possession and sold to third persons. The court refused to interfere, though it was said, if a timely application had been made, there could have been no hesitation in vacating the sale. In *McCaskell v. Lee*, 39 Ala. 131, the motion was not made until more than four years after the sale, and until eighteen months after the purchaser had instituted suit for the recovery of the possession of the lands. There was no explanation of the delay,—no satisfactory reason given for it; under these circumstances, it was declared the motion could not be entertained.

We would hesitate to announce it as an inflexible rule, or as a general rule, as seems to have been expressed in *Abercrombie v. Conner*, *supra*, that a proceeding, either at law or in equity,

for the vacation of a sale of lands under legal process, will be entertained at any time before the purchaser takes possession, or recovers it by suit. Reasonable diligence, as well as good faith, should be rigorously exacted from parties seeking the disturbance of judicial sales, and the destruction of titles derived from them; and whether there has been reasonable diligence, must depend upon the particular circumstances—whether they are such as may have induced inaction, or ought to have quickened vigilance and action. It is certain that a party may not, in the absence of some satisfactory excuse, enter into litigation with the purchaser claiming a recovery of the lands, speculate upon its chances, and when he finds them doubtful, or when the litigation is determined adversely to him, then resort to a proceeding, either at law or in equity, for a vacation of the sale. *McCollum v. Hubbert*, 13 Ala. 289; *McCaskell v. Lee*, 39 Ala. 131. There can not be a time definitely settled, within which parties must resort to a judicial proceeding for the purpose of vacating the sale. The proceeding is of an equitable nature, dependent upon equitable principles, and is not capable of being controlled by fixed, inflexible rules. The rules which apply are analogous to the known rules of a court of equity in granting relief to a mortgagor, or those claiming under him, seeking to avoid a purchase by a mortgagee at his own sale, or a *cestui que trust* claiming to be relieved from a purchase by a trustee. There must not have been *laches*, operating injuriously to others; and there must not have been such unexplained acquiescence for a considerable period, with full knowledge of all the facts, as would afford cogent evidence of a waiver and abandonment of the right, if it be not the equivalent of a positive act of confirmation, or release.

4. More than three years intervened between the sale and the filing of the present bill. During this time, the complainant was in the undisturbed possession of the lands, and the purchasers were inactive until within about six months, when they commenced a suit at law for the recovery of possession. In view of the fact that the payment of the judgment was made on the day of sale, and in another State, the plaintiffs accepting it, most probably, in ignorance of the intended sale of the lands, from their inaction the complainant may have inferred that they did not intend, and would not attempt, to claim under the purchase, which must have been made for them without their knowledge, and was subject to their ratification or repudiation. The delay in moving to avoid the sale is satisfactorily explained by the circumstances.

5. The receipt given on the payment does not describe the judgment or execution, nor refer to either, but is descriptive only of a promissory note corresponding with that upon which

4

[Cochran et al. v. Miller et al.]

the judgment was founded. A receipt for the payment of money is peculiarly open to parol evidence. It is not in fact regarded as a contract in writing, but as an acknowledgment or admission of the party giving it,—of but little more force or dignity than a mere verbal declaration. Misdescriptions, or imperfect, inaccurate references to the account or debt on which the money is received, can be corrected or supplied by parol evidence.—2 Parsons' Contracts, 555; 1 Brick. Dig. 860, § 809. And whatever may be its terms,—though purporting to be in full of all demands,—it is subject to explanation or contradiction; and by parol it may be shown that it was given in mistake of fact, or by surprise; or that it was obtained fraudulently, by misrepresentation, or by a concealment of material facts.—*McKeagg v. Collehan*, 13 Ala. 82*.

6. It is true that, at common law, a promise by the creditor to accept, in satisfaction, a less sum than was really owing to him, or the acceptance of such sum, no release being given, and the evidence of debt not being surrendered, was not operative as a payment, nor as an accord and satisfaction. The statute has, to a certain extent, abrogated this rule of the common law, by declaring that "all receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties to the same."—Code of 1876, § 3039. If the receipt, though the sum paid was much less than the debt really due, was given and intended as a full discharge of the debt; if there was no mistake of material facts, no misrepresentation or concealment of such facts, the statute requires that it must have effect according to the intention of the parties.—*Smith v. Gayle*, 58 Ala. 600.

The demurrer to the bill was not well taken, and the decree of the chancellor overruling it must be affirmed.