# Cowan & Co. et al. v. Sapp.

*Bill in Equity to have Judgment declared Satisfied, to Set Aside Sale under Execution, &c.*

1. *When bill must be filed, generally.*—Ordinarily, when a defendant in a judgment seeks to set aside a sale under execution, he is required to institute proceedings before the purchaser has obtained possession, before improvements have been made, before third persons have acquired rights, and before there has been any change in the situation of the parties, which may render it impracticable or difficult to put the purchaser *in statu quo.*

2. *Same; rule as to diligence.*—When the plaintiff in execution is himself the purchaser, and there has been no alternation in the condition of the property or the parties, both parties having been merely passive, the rule is less exacting; but, in all cases, reasonable diligence, promptness and good faith, to be determined by the particular circumstances of each case, are required.

3. *Same; case at bar.*—On the facts proved in this case, as disclosed in the record, the court adheres to the conclusion reached on the former appeal (74 Ala. 44), which was taken from a decree overruling a demurrer to the bill; and holds the delay in filing the bill satisfactorily explained.

4. *Fraud by concealment.*—Every omission to communicate facts, even though they be material, is not necessarily fraudulent; the party must have known, or must have had good cause to presume, that his adversary was ignorant of the facts, and the suppression must have been intentional.

5. *Specific performance of agreement for settlement of judgment; when decreed.*—A bill to set aside a sale under execution, and to have satisfaction of the judgment entered, on account of a settlement of the debt entered into before the sale, is in the nature of a bill for the specific execution of a contract; and it will not be decreed unless strictly equitable, fair and just in all its parts.

6. *Same.*—If the creditor, accepting the compromise and settlement, was ignorant of the fact that his debt had then been reduced to judgment, with an execution issued and levied, which facts were known to the debtor, the settlement can not be regarded as just, fair and reasonable, and a specific execution of it will not be decreed; but the court, adjusting its decree to the equities of the particular case, will set aside the sale under execution, cancel the sheriff's deed, and enter satisfaction of the judgment, first requiring the complainant to pay the balance due on it, principal and interest, after deducting the amount paid on the settlement.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The nature of the case and the material facts are sufficiently stated in the opinion. The court below rendered a decree granting the relief prayed for by the complainant, and this decree is assigned as error.

C. F. HAMILL, for appellants.

GEORGE H. PARKER, and JOHN W. INZER, *contra.*

CLOPTON, J.—Appellee brings the bill, and seeks to have declared satisfied a judgment, rendered in August, 1878, in the Circuit Court of Blount county, in favor of Cowan & Co., to set aside a sale of lands made in the following December under an execution issued on the judgment; to cancel the deed executed by the sheriff to appellants, Cowan & Co., who were the purchasers; and to perpetually enjoin them from taking and from bringing suit to recover possession of the lands, and for general relief. The title to relief is rested on a compromise and satisfaction of the note, on which the judgment is founded, made after its rendition, but before the sale, and evidenced by the receipt of Cowan & Co. The defenses relied on are the delay of complainant, without satisfactory explanation, in making application to vacate the sale, and the procurement of the compromise by fraudulent misrepresentation and concealment.

The law disfavors unnecessary and unreasonable delay in proceeding to avoid judicial sales. In order to promote the public peace and interest, and in view of the necessity of assured repose on the security of titles derived from such sales, consequent on maintaining their validity, unless fraud, or illegality, or irregularities seriously affecting their character and fairness intervene, the tendency of our decisions is, to abridge the time in which a party, seeking the disturbance of judicial sales, is required to act, and to require clearer and more satisfactory explanation of apparent unnecessary delay. Ordinarily, proceedings should be instituted before the purchaser obtains possession, or improvements are made, or third parties have acquired rights, or any change in the situation of the parties, rendering it impracticable or difficult to put the purchaser *in statu quo.* The delay must not have operated injuriously to the purchaser or others, and there must not be an unexplained acquiescence in the validity of the sale for an unreasonable period with full knowledge of the facts. Where the purchaser is the plaintiff in execution, and there has been no alteration in the condition of the property or of the parties, and where there has been passiveness on the part of both, the defendant in execution being suffered to remain in undisturbed possession, the rule may be regarded as less exacting. But the party, seeking the vacation of the execution sale and the cancellation of the title of the purchaser,

[Cowan & Co. *et al.* v. Sapp.]

cannot postpone proceeding for an unreasonable period unexplained, without being subject to the charge of *laches*. In all cases, reasonable promptness, diligence, and good faith will be exacted, to be determined on the particular circumstances of each case—" whether they are such as to have induced inaction, or ought to have quickened vigilance and action "—whether from the circumstances, a waiver of the right and acquiescence in the title by the party complaining, or of an intention of the purchaser not to claim under the title, may be inferred.—*Cowan & Co. v. Sapp*, 74 Ala. 44; *Sayre v. Elyton Land Co.*, 73 Ala. 85.

On the former appeal, which was taken from a decree overruling a demurrer to the bill, it was held, that the delay of complainant, was satisfactorily explained. — *Cowan & Co. v. Sapp, supra.* The conclusion is based on the allegations, that the complainant was in the undisturbed possession of the lands, and the purchasers were inactive until about six months previous to the filing of the bill, and that the payment was made, in another State, on the day of sale, the purchasers accepting it, most probably, in ignorance of the intended · sale; from which facts the complainant may have inferred, that they did not intend and would not attempt to claim under the purchase, which was made without their knowledge, and was subject to their ratification or repudiation. It is true, there is in the opinion rendered, a misapprehension of the averment of the bill as to the time payment was made. The bill alleges, that it was made nearly a month prior to the sale; but the other material facts are correctly stated in the opinion, both as alleged and as proved. Some of the circumstances, it must be admitted, were calculated to stimulate vigilance and action. Before the sale, as we conclude from the entire testimony, Cowan & Co. offered to restore the money paid in compromise and satisfaction of the debt; and on the day of sale, complainant was informed by their attorneys, that they repudiated the settlement, because it was procured by means of fraudulent misrepresentations and concealment of material facts. These circumstances are, however, met by others, which were calculated to induce inaction. When the offer was made to return the money, and its acceptance declined, the receipt was asked for, and a copy taken by the agent, without expressing an intention to insist on a rescission of the contract of settlement. The sale was made within a few days thereafter by direction of the attorneys, the plaintiffs in execution, who resided in another State, not being present. The complainant was suffered to remain in undisturbed possession, without

the purchaser expressing, by word or act, an intention to claim under the purchase, until they commenced suit, in September, 1881, nearly three years after the sale, against a tenant of complainant to recover possession of a part of the lands. From all the circumstances, the complainant might have inferred, that the purchasers, on reconsideration, had abandoned their purpose to insist on a rescission of the settlement, and did not intend to claim under the purchase. We are, therefore, unwilling to overrule the conclusion reached by the court on the former appeal.

The statute provides : "All settlements in writing, made in good faith for the composition of debts, must be taken as evidence, and held to operate according to the intention of the parties, though no release under seal is given, and no new consideration had passed."—Code, § 3040. Though the receipt given by Cowan & Co. only describes the note, on which the judgment, as shown by the evidence, is founded, the clear intention of the parties was to compromise the debt, that was merged in the judgment, and the receipt, if there be no sufficient objection to it as a valid settlement, must operate as a satisfaction of the judgment. The chancellor having found, on the evidence, there were no fraudulent misrepresentations, and it not clearly and satisfactorily appearing that his conclusion is erroneous—the testimony of the only two witnesses, in relation to this matter, being in conflict—the only question in this aspect of the case is, was there a fraudulent concealment ? The complainant knew of the rendition of the judgment, and the issue and levy of the execution, which facts he did not disclose to his agent, or to Cowan & Co. Every omission to communicate facts, though material, is not necessarily fraudulent. To constitute a non-disclosure a fraudulent concealment, the complainant must have known, or had cause to presume, that Cowan & Co. were ignorant of them, and the suppression must have been intentional.—*Jordan v. Picket*, 78 Ala. 331.

The judgment was rendered in August, 1878. The execution was issued in September, and levied in October following, and the compromise was made about a month after the levy. The complainant was authorized to presume that Cowan & Co. were advised and informed of the judgment rendered, previously, in a suit instituted by them, and of the proceedings under and subsequent to the judgment. The charitable and reasonable construction of the conduct of complainant is, that he acted on the presumption and belief, that Cowan & Co. knew the *status* of their claim, and that his silence was not with a design or pur-

[Cowan & Co. *et al.* v. Sapp.]

pose to deceive or mislead. Actual and intentional fraud should not be imputed to a party from mere silence as to such facts under such circumstances, in the absence of evidence, showing that he had reason to presume that the person, with whom he is dealing, is ignorant, and that his silence is intentional.

It is evident, however, that Cowan & Co. were, in fact, ignorant of the judgment, and of the issue and levy of the execution. The proceeding to avoid the execution sale, and have the judgment satisfied is tantamount to a proceeding for the specific execution of the contract of settlement, and rests on the same principles as if the agreement to compromise the debt were executory. The specific performance of a contract will not be decreed when it is founded in the mistake of one of the parties as to the existence of material facts, of which the party, seeking performance, is informed, and did not disclose; nor where the contract is not strictly equitable, nor fair and just in all its parts; nor where it unjustly or materially affects the rights of the defendant, and is not founded on an adequate consideration.—*Moon v. Crowder,* 72 Ala. 79; *Andrews v. Andrews,* 28 Ala. 432; *James v. Bank of Alabama,* 17 Ala. 69; *Ellis v. Burden,* 1 Ala. 458. An agreement to compromise a debt, made by a creditor in ignorance of a judgment, execution, and levy— a lien on property of sufficient value to pay it—can scarcely be said to be just, fair, and reasonable, or that it does not materially prejudice the rights of the creditor. Such facts, when known to the debtor, and not disclosed to the creditor, who is ignorant of them, are sufficient to disentitle the debtor to a specific performance of the agreement.

The lands, though consisting of separate parcels, were sold, as we infer from the return and deed of the sheriff, in one lot. They were sold under circumstances calculated to deter other persons from bidding, and were purchased by Cowan & Co. for the amount of their judgment, at about one-third their value. They hold both the title to the lands and the fruits of the compromise, without having paid complainant, or the sheriff for him, any part of the purchase-money, and remain inactive until the period of the statutory right of redemption had terminated. As it would be unjust to Cowan & Co. to specifically execute the agreement, so also it would be unjust to complainant to permit them to retain the legal title to the lands and the amount paid in settlement of the claim, there being no actual or intentional fraud.

Under these circumstances, and in this posture of the case, the court should model and adjust the decree, so as to

34

adapt it to the controlling equities, and the real and substantial rights of the parties.—*Reese v. Kirk*, 29 Ala. 406. When a vendee enters into possession and makes valuable improvements upon the faith of a contract, and files a bill for specific performance, but fails to establish a case entitling him to such relief, he will be allowed compensation for the improvements, if he has not a full and adequate remedy at law.—*Aday v. Echols*, 18 Ala. 353. While the court can not decree a specific performance of the compromise in terms, the bill may be retained, and a decree may be made declaring the judgment satisfied, and the sale vacated upon equitable terms. Equity requires complainant to pay the judgment, and thereupon that Cowan & Co. surrender the sheriff's deed for cancellation. A decree will, therefore, be here rendered ordering the sale to be set aside, the sheriff's deed surrendered and canceled, the judgment satisfied, and the injunction made perpetual,—upon complainant paying to Cowan & Co., or their solicitors, the amount of principal and interest of the judgment which may be due, on the day payment is made, and the costs paid by Cowan & Co., with interest from the date of payment,—the amount paid in the compromise being allowed as a partial payment; and upon complainant's failure to pay the amount required by this decree within ninety days from this date, the bill of complainant to be dismissed and the injunction dissolved.

The decree of the chancellor is reversed, and the cause remanded, that the Chancery Court may execute the decree here rendered.