[Campbell v. Durham.]

# Campbell *v.* Durham.

*Bill in Equity for Specific Performance of Contract.*

1. *Specific performance, as matter of right; mistake, or hardship.*—Although a contract may be supported by an adequate consideration, and its provisions fair, just, and reasonable, its specific execution in equity is not matter of absolute right, but will be refused when it will work any hardship, or when there was an honest mistake, going to its essence, on the part of the defendant, even though such mistake may not have been induced by the fraud or misrepresentations of the other party; as where the tract of land, bought and intended for a residence by the purchaser, was inclosed by a fence, which included a small grove and strip of land in front, not in fact a part of the tract, but necessary to its convenient use and enjoyment, as affording the only mode of access to and from the public road, and which the purchaser supposed was a part of the tract, a specific performance against him was refused on account of the mistake, although the plaintiff made no misrepresentations as to the boundary.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 4th June, 1887, by White B. Campbell and Robert F. Proctor, against Jesse R. Durham; and sought to compel the specific execution of a written contract for the sale of a tract of land by the complainants to the defendant. The contract, a copy of which was made an exhibit to the bill, was dated December 14th, 1886, signed by both parties, and under seal. The tract of land was described as the north-east quarter of the south-east quarter of section twenty-four (24), township four (4), range five (5), east; and the stipulated price was $800. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

BROWN & KIRK, for appellants, cited *Bogan v. Daughdrill*, 51 Ala. 312; *Chambers v. Ala. Coal Co.*, 67 Ala. 353; *Goodlett v. Hansell*, 66 Ala. 151; Waterman on Spec. Peformance, §§ 358, 361.

R. C. HUNT, *contra*, cited Pomeroy's Eq., vol 2, §§ 860, 868; Whart. Contracts, vol. 1, § 186; *Stapylton v. Scott*, 13 Vesey, 426; *Moore v. Clay*, 7 Ala. 426; *Camp v. Camp*, 2 Ala. 636; *Steele v. Kinkle*, 3 Ala. 357; 2 Kent's Com. 470; *Derrick v. Monette*, 73 Ala. 78.

CLOPTON, J.—Appellants seek by the bill the specific performance of a contract for the sale of a tract of land to the defendant. The contract is in writing, and, so far as appears upon its face, is plain and certain as to the subject-matter and the consideration, and is fair, just and reasonable as to its provisions concerning the rights and obligations of the parties. Notwithstanding such may be the apparent character of the contract, specific execution is not a matter of absolute right. In an application to a court of equity, the defendant may rebut the *prima facie* case made by the contract alone, and show, by proof of extrinsic facts, that specific performance would not be strictly equitable. From our own decisions, the following principles governing the discretion of the court in decreeing the enforcement of contracts, may be regarded as settled. The agreement must be free from unfairness, hardship, or mistake, going to its essence. A fraudulent representation or concealment, sufficient to avoid it at law, or for its rescission or cancellation in equity, is not essential to a denial of specific performance. If the contract is obtained by the suppression of material facts, known to the party seeking performance, and unknown to the defendant; or, if the defendant was led into making it by surprise, without fault on his part, though not misled by positive representations of the other party; or, if it is impressed with any inequitable feature, the court will refuse to enforce the contract.—*Byars v. Stubbs*, 85 Ala. 256; *Cowan v. Sapp*, 81 Ala. 525; *Western R. R. Co. v. Babcock*, 6 Met. 346.

There is no controversy as to the terms of the contract, or the description of the land as expressed therein, or to the adequacy of the consideration. The special defense is, that the defendant was led, by the conduct of complainants, into the mistake of believing and understanding that a strip of land adjoining the southern boundary was included, when in fact it does not belong to the tract, and that such mistake is in respect to a material fact concerning the subject-matter of the contract. The complainants agreed to sell and convey to the defendant the north-east quarter of the south-east quarter of section twenty-four, township four, range five, east. The Memphis & Charleston railroad runs parallel with the southern line of the tract. All of the land, except a small portion, had been years previously, and was at the time of the agreement to sell, inclosed by a fence; and about eighteen acres in front of, and around the dwelling-house,

[Campbell v. Durham.]

which was located in the south-east corner, was inclosed separately by a division fence, running south-west and northeast in the rear of the dwelling.    The fence in front of the
house extended beyond the southern line, and inclosed a strip
of land, consisting of about one and one-half acres, which
was a part of the right of way of the Memphis & Charleston
Railroad Company, and on which strip is a grove immediately in front of the dwelling.    The only mode of ingress
and egress, to and from the dwelling and the public road,
which runs between the railroad and the fence, is through
this right of way.    Other than the fence, there was no visible mark of the lines of the tract of land.    The defendant
purchased the land for the purpose of making it his residence; and there can be no question, that the strip of land
mentioned, not only enhanced its value, but was necessary
for its convenient use and enjoyment.    Any person, going to
look at the land with a view to its purchase, would naturally
assume that the fence, which separated it from the adjoining
property, was the fixed and true boundary.    The complainant, Proctor, who made the contract of sale with the defendant, admits in his evidence, that he told defendant that the
front of the premises was under a plank fence, and that the
whole of the tract, except a small portion next to the mountain, was under fence.    He further testifies, that the defendant did not ask him where the lines were, or he would have
told him, and that he made no representations as to the lines.
The defendant testifies, and in this he is not contradicted,
that he did not know where the lines were, and that Proctor
did not inform him that a portion of the right of way of the
railroad company was inclosed by the fence.    We do not
mean to intimate that the failure to disclose such material
fact was with the intent to deceive or mislead; this is not
requisite.    If the defendant fell into the mistake, made probable, or induced, by the omission of the complainant to disclose the material fact, whether such omission was intentional
or unintentional, a specific execution of the contract will be
prevented on settled principles of equity.—Pom. on Contr.
§ 244.

Denny v. Hancock, L. R. 6 Ch. 1, is a case similar in its
features, and involved the same principles as the present.
On a sale of a small residential property, a plan was exhibited, which showed the western side as bounded by a strip of
ground covered with shrubs or trees.    The purchaser, with
the plan before him, inspected the property, and saw on the

western side a belt of shrubs, including a few large trees, bounded by an iron fence. The real boundary was not easily visible, being some stumps covered by the shrubs. The purchaser believed that he was buying every thing up to the fence, but afterwards discovered that the trees and the fence stood on the adjoining land. The court held, that he would naturally conclude the iron fence to be the boundary; there was nothing to put him on inquiry; he had been misled by the vendors; and that specific performance could not be decreed against him. The evidence shows, that the defendant in this case believed he was buying up to the fence. He would not be likely to conclude that the complainants, or any previous owner, had inclosed land not belonging to the property. The fact that it was inclosed, was calculated to dispel any such doubt as would influence him to make inquiry in regard to it. A specific performance will not be decreed, when there is a material mistake as to the lines and boundaries, which are unknown to the vendee, and in regard to which he is not put upon inquiry. Though not intended, the complainants are at fault in not making, under the circumstances, a disclosure of the fact, that the strip of land inclosed did not constitute a part of the tract purchased. In such case, the court will not decree specific performance.

Affirmed.