# Slater v. Alston *et al.*

*Statutory Action of Ejectment.*

103  605
119  497

1.  *Validity of sale under execution, for payment of costs, after execution in another county returned satisfied.*—Where two executions are issued at the same time on the same judgment, and one is delivered to the sheriff of the county wherein the judgment was recovered, and the other is sent to the sheriff of another county, and after the latter sheriff has levied on defendant's land in his county and advertised it for sale, the former sheriff returns the execution received by him "satisfied in full," and notifies the other sheriff thereof, such return and satisfaction of the judgment by the sheriff of the county in which the judgment was rendered is not a satisfaction of the execution in the hands of the other sheriff; and the costs of his levy and advertisement not being paid, a sale by the latter sheriff of the lands he levied upon is valid, and the purchaser at such sale acquires a title upon which he can recover the lands in an action of ejectment.

APPEAL from the Circuit Court of Choctaw.
Tried before the Hon. JAMES T. JONES.

The appellant, James A. Slater, brought a statutory action of ejectment, on September 16th, 1893, against the appellees, for the recovery of certain lands specifically described in the complaint. The defendants pleaded the general issue, and the facts disclosed on the trial under the issue thus formed are sufficiently stated in the opinion.

At the request of the defendants, the court gave the general affirmative charge in their behalf. There were verdict and judgment for the defendants. The plaintiff

on this appeal, prosecuted by him, assigns as error the giving of the general affirmative charge by the court for the defendants.

R. P. ROACH, for appellant.—The plaintiff acquired title under his deed from the sheriff sufficient to maintain ejectment.—*Ware v. Bradford*, 2 Ala. 677; *Love & Williams v. Powell*, 5 Ala. 58; *White v. Farley*, 81 Ala. 566; *Little v. Zuntz*, 2 Ala. 257; *Ray v. Womble*, 56 Ala. 32; *Carrington v. Richardson*, 79 Ala. 104.

2.  Even if the execution was satisfied at the time of the sale, the sale was not void.—*Cowan v. Sapp*, 74 Ala. 47; *Steele v. Tutwiler*, 68 Ala. 110; 8 Smith's Condensed Rep. 407; 22 Amer. & Eng. Encyc. of Law, 651; Rorer on Judicial Sales, § § 793, 898.

W. F. GLOVER, *contra*—1. The sale made by an officer is under a power, and the debt being paid makes the sale void, from which a purchaser is not protected.—Herman on Executions, 419, § 255; Rorer on Judicial Sales, § 890. If the sale is void, appellant has a remedy.—Herman on Executions, 507, § 340; 22 Amer. & Eng. Encyc. of Law, 664, § 14, note 2.

2.  The sheriff, after the payment of the judgment and costs contained in the execution, could not sell for advertising fees and costs created by himself after execution had issued.—Freeman on Judgments, § 466.

3.  The purchaser at sheriff's sale must show a valid judgment and execution, and is chargeable with notice of the contents of the judgment and execution under which he claims—*Statsenberg v. Statsenberg*, 75 Ind. 538; 22 Amer. & Eng. Encyc. of Law, 690, § 6, note 8; *Barclay v. Plant*, 50 Ala. 509.

COLEMAN, J.—The appellant, Slater, brought suit in ejectment to recover certain lands described in the complaint. The plaintiff's title depends upon the validity of the sheriff's deed. The material facts are substantially as follows: George E. Crawford & Co. recovered a judgment against the defendant Alston in the circuit court of Sumter county, on the 17th day of October, 1889, and on the 7th day of November afterwards, the clerk of the circuit court, issued two executions, one of which was placed in the hands of the sheriff of Sum-

[Slater v. Alston *et al.*]

ter county, and the other sent to the sheriff of Choctaw
county. On the 20th day of December, 1889, the sheriff
of Sumter county returned the execution received by him,
"satisfied in full," and on that day paid the money in-
to court. Before the return of the execution "satisfied,"
by the sheriff of Sumter county, the sheriff of Choctaw
county levied the execution received by him, on the
lands in controversy, and had the same advertised for
sale in a newspaper, published in Choctaw county.
Before the day of sale the sheriff of Choctaw county was
notified, that the judgment and costs recovered by the
plaintiffs in execution had been fully satisfied, but the
additional cost which accrued, in consequence of the levy
and advertisement by the sheriff of Choctaw county, not
being included in the bill of costs, indorsed on the exe-
cution delivered to the sheriff of Sumter county, was not
paid, and this additional cost not having been paid by
the day advertised for the sale by the sheriff of Choctaw
county, he proceeded to sell the lands, for such unsatis-
fied costs. Slater, the plaintiff, became the purchaser at
the sheriff's sale, and, upon payment of the purchase
money, the sheriff executed to him a deed. It was ad-
mitted as true that the proceedings of the levy under the
execution, the advertisement and sale by the sheriff and
the deed from the sheriff, were regular on their face, and
that the purchaser, Slater, had no knowledge of the
satisfaction of the judgment and cost by the sheriff of
Sumter county.

In the case of *Boren v. McGee*, 6 Por. 432, it was held
"that an execution issued upon a judgment which had
been satisfied, but of which satisfaction no entry is made
on the record, is not void, but voidable merely." This
rule has been declared in the subsequent cases of *Steele
v. Tutwiler*, 67 Ala. 110, and *Cowan & Co. v. Sapp*, 74
Ala. 44, 47. "To authorize a recovery on a sheriff's title
there must be a judgment, execution, levy and sale, and
the execution of a sheriff's deed."—*Carrington v. Richard-
son*, 79 Ala. 101, 104; *Ware v. Bradford*, 2 Ala. 676.

The question recurs, as to whether the return and satis-
faction of the judgment by the sheriff of Sumter was
in fact a satisfaction of the execution in the hands of
the sheriff of Choctaw county, by whom the sale was
made. We think not. It is not denied that the land
had been levied upon by the sheriff of Choctaw county,

and duly advertised and the cost of advertising had accrued prior to the satisfaction of the execution in the hands of the sheriff of Sumter county, and had not been paid. Section 2908 of the Code requires the advertisement of land for sale under execution, and section 666 regulates the price to be paid for such advertisement. It was the duty of the sheriff to levy and advertise, and the charges which accrued were legitimate costs. If the sheriff of Sumter county had made the levy and advertised the lands, any payment to him, which did not include such cost, would not have satisfied the execution, so as to prevent a sale for that purpose. The court in which the judgment was obtained and to which the execution was returnable, upon motion and notice and proper showing, was fully authorized to set aside the sale and quash the execution, but unless this was done, the authority of the sheriff of Choctaw county to sell the land, to satisfy the cost not paid, continued in force.— *Cowan & Co. v. Sapp,* 74 Ala. 44; *Ray v. Womble,* 56 Ala. 32; *Mobile Cotton Press v. Moore & McGee,* 9 Por. 679. The sale of the land was voidable upon motion of the defendant in execution, seasonably made in the court to which the execution was returnable, or he might obtain relief in a court of equity, upon proper averments sustained by proof.

Without some order or decree vacating the sale, the title of the purchaser entitled him to recover the lands. This is the rule in this State, although a different rule prevails in some other courts.

The court erred in giving the affirmative charge for the defendant.

Reversed and remanded.