# Pate *et al.* v. Hinson.

*Bill in Equity to cancel Sheriff's Deed and to enjoin the Execution of a Writ of Possession.*

1. *Misjoinder of parties; who can raise the objection.*—A misjoinder of defendants to a bill in equity is an objection which is only available to the party improperly joined; and if he fails to take advantage of the misjoinder, a demurrer on that ground by his co-defendant should be overruled.

2. *General demurrer; will not be considered.*—A demurrer to a bill in equity on the ground that "there is no equity in the bill," is merely a general demurrer; and, under the provisions of the statute (Code, § 3443), will not be considered

3. *Motion to dismiss bill for want of equity; how bill considered and when motion sustained.*—On a motion to dismiss a bill for the want of equity, the facts averred in the bill must be taken as true, and the bill considered as if it has been amended in all particulars in which amendments would be proper; and a motion should be sustained when, admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant is not entitled to equitable relief.

4. *Bill to cancel sheriff's deed; when it contains no equity.*—Where, on bill filed to vacate a sheriff's sale and to cancel the deed and enjoin the execution of a writ of possession made thereunder, which alleges that at a sale of complainant's land under an execution issued on judgment recovered against him, the attorney of the plaintiff in said judgment was the only bidder and became the purchaser of the land, and the sheriff's deed was executed to him, for a greatly inadequate consideration, it is shown affirmatively by the bill and its exhibits that the complainant, with a knowledge of these facts. submitted to a judgment *nil dicit* in a suit for the recovery of the possession of the lands by said purchaser, the defendant in the pending suit, and entered into an agreement of record with said plaintiff by which he the complainant, obtained a stay of the issue of a writ of possession for 120 days, with the restoration for that period of the statutory right of redemption from the purchaser, which right he never exercised or attempted to exercise ; such bill is without equity, and a motion to dismiss it for the want of equity should be sustained.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. JERE N. WILLIAMS.

The original bill in this case was filed by the appellee, Joseph E. Hinson, against M. E. Milligan and B. F. Pate, as sheriff of Geneva county, on September 8, 1894; and prayed for the cancellation of a deed, executed by the defendant B. F. Pate, as sheriff to M. E. Milligan, who purchased at an execution sale, and that the execution of a writ of possession be enjoined, and for general relief. The other facts of the case are sufficiently stated in the opinion.

M. E. MILLIGAN, for appellant.

W. O. MULKEY, *contra*, cited *Beach v. Dennis*, 47 Ala. 262; *Ray v. Womble*, 56 Ala. 32; *Cowen v. Sapp*, 74 Ala. 44; 22 Amer. & Eng. Encyc. of Law, 128.

BRICKELL, C. J.—The original bill filed by the appellee, in substance, states that in 1892, the National Fertilizer Company recovered a judgment at law against the appellee for a sum exceeding nine hundred dollars, on which an execution issued and was levied on certain described lands, of which there was a subsequent sale by the sheriff. At the sale, the appellant, Milligan, the attorney of the plaintiff in the judgment, was the only bidder and became the purchaser of the lands at and for the sum of two hundred dollars, the lands being of the value of at least three thousand dollars, and to him the sheriff, the appellant, Pate, made a deed of conveyance. The title to the lands was so embarrassed by litigation, that the appellee could secure no loan, and he had no money with which to purchase, or to pay off the judgment. In the Spring of 1894, Milligan obtained judgment against the appellee for the possession of the lands, the court in pursuance of an agreement of the parties, ordering that a writ of possession should not issue, if within one hundred and twenty days, the complainant paid Milligan, the sum he bid for said lands, with ten *per cent.* interest thereon. That the appellee endeavored to raise the money to make the payment, but was not able to do so. A copy of a motion the appellee made in the circuit court to vacate the sale is made an exhibit to the bill. A writ of possession had issued on the judg-

[Pate *et al.* v. Hinson.] ·

ment obtained by Milligan, and was in the hands of the appellant, Pate, as sheriff. Milligan and Pate are made parties defendant. The prayer for relief is, that the deed of the sheriff to Milligan be annulled as a cloud upon the title of the appellee, the execution of the writ of possession enjoined, and for general relief. A temporary injunction was granted. The defendants appeared and moved a dismissal of the bill for want of equity, and a disolution of the injunction. The defendant, Milligan, demurred, assigning four causes : 1. That Pate was not a proper party. 2. That "there is no equity in the bill." 3. That it is shown the circuit court had made an order requiring the complainant to pay the defendant two hundred dollars, or the judgment in ejectment should be final, and it was shown affirmatively the payment had not been made. 4. The bill shows the court was without jurisdiction, the concurrent jurisdiction of the circuit court having been invoked and exercised. The chancellor in term overruled the motions and the demurrers, and from the decree overruling them, the appeal is taken.

The first cause of demurrer assigned, was properly overruled. It may be that Pate, the sheriff, is not a proper party defendant. As a general rule, a sheriff is not a necessary or proper party to suits in equity drawing in litigation his official acts under process issuing from courts of law.—*Shrader v. Walker*, 8 Ala. 244; *Collier v. Falk*, 61 Ala. 105. But if he is not a proper defendant the objection is available to him only ; one defendant can not object that another defendant has no interest in the subject matter of the suit, and is properly made a party.—1 Brick. Dig. 763, § 1689; 3 Brick. Dig. 373, § 94. The second cause of demurrer is illy assigned; it is at best, a mere general demurrer, the statute declares shall not be heard.—Code, § 3443 ; 3 Brick. Dig. 389, § 365. The third and fourth causes of demurrer are involved in a consideration of the motion to dismiss the bill for want of equity.

A motion to dismiss a bill for want of equity, like the general demurrer which once prevailed in our practice, directs attention wholly and exclusively to the equities of the bill, not to its frame, or the want or misjoinder of parties, or other matter, which, if a demurrer were interposed, would be regarded as waived, if not specially

assigned. It can prevail only, when admitting all the facts apparent on the face of the bill, whether well or illy pleaded, the complainant can have no relief whatever. If it is apparent, upon a proper statement of facts, the correction of amendable defects, and an appropriate prayer, equitable relief may be had, the motion should be overruled, the defendant put to a demurrer, or leave granted to amend the bill curing its defects or insufficiencies. The motion should prevail, if the converse is true—if the facts stated show that the complainant is not entitled to and can not have equitable relief.—*Lesslie v. Richardson*, 60 Ala. 563 ; *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529 ; *Seals v. Robinson & Co.*, 75 Ala. 363.

The gravamen of the bill is, the inadequacy of the price at which the lands were sold by the sheriff; and that at the sale there was but one bidder, the attorney of the party obtaining the judgment to satisfy which the sale was made. This forms the whole matter of substance upon which the equity to a vacation of the sale and the cancellation of the conveyance to the purchaser is rested. The facts were all known to the complainant before he entered into litigation with the purchaser in the suit for the recovery of the possession, and formed the matter of the motion he made in the court of law for a vacation of the sale. It does not clearly appear whether this motion is yet pending, or whether it was abandoned by the complainant, or determined adversely to him. It is shown, however, and shown affirmatively, by the bill and the exhibits appended, that the complainant in the suit for the recovery of the possession of the lands submitted to a judgment *nil dicit*, and entered into an agreement by which he obtained a stay of the issue of a writ of possession for one hundred and twenty days, on condition that he paid the purchaser the sum necessary to redeem the lands under the statute, and in the event the payment was made a stipulation that the judgment should be set aside.

The rule is well settled, that a party seeking the vacation of a sale of lands under legal process, whether he invokes the jurisdiction of the court from which the process issued, or the concurrent jurisdiction of a court of equity, must act promptly. Unnecessary, unreasonable delay in moving is regarded as a waiver, or as acquiescence in whatever of irregularity, or illegality, or unfair-

[Pate *et al.* v. Hinson.]

ness, oppression or fraud, may have attended the sale, if of the delay there is not a clear, satisfactory explanation.—*Cowan v. Sapp*, 74 Ala. 44; *Cowan v. Sapp*, 81 Ala. 525; *Ponder v. Cheeves*, 90 Ala. 117. Each case is of necessity dependent upon and controlled by its own circumstances; there has not been and can not be a fixed, defined period, applicable to all cases, within which there must be a resort to proceedings at law or in equity. But as is said in *Cowan v. Sapp*, 74 Ala. 49, "It is certain that a party may not, in the absence of some satisfactory excuse, enter into litigation with the purchaser claiming a recovery of the lands, speculate upon its chances, and when he finds them doubtful, or when the litigation is determined adversely to him, then resort to a proceeding, either in law or in equity, for a vacation of the sale."

The complainant not only entered into litigation with the purchaser, and speculated upon its chances, but when there was a final judgment adverse to him, with full knowledge of all the facts on which he now relies for a vacation of the sale, entered into an agreement which became matter of record, by which he recognized the validity of the sale, obtained a stay of the writ of possession and for one hundred and twenty days, a restoration of the statutory right of redemption, which he had lost by his failure to surrender possession to the purchaser.

We are constrained to the conclusion that the bill is devoid of equity. It seems to us it would be trifling with and destructive of the sanctity of judicial sales, which the law on the highest considerations of policy has long conceded and maintained; and that it would be violative of good faith, if the complainant were now heard to assail the validity of the sale, if it is impeachable because of the facts averred; a matter not now open for consideration.

The decree of the chancellor must be reversed and a decree here rendered dissolving the injunction and dismissing the bill. The appellee will pay the costs of the court of chancery, to be taxed by the register, and the costs of the appeal in this court.

Reversed and rendered.