(24 Misc. Rep. 583.)

ERNST et al. v. ELMIRA MUNICIPAL IMPROVEMENT CO. et al.

(Supreme Court, Special Term, New York County.    September, 1898.)

1. CORPORATIONS—REFUSAL TO TRANSFER STOCK.

The refusal to transfer stock on the books of a company, and issue new stock to the owner, does not restrict him to an action at law to recover its value, but amounts to a waiver of the statutory requirement, so that the transfer will be deemed completed, and the company bound to recognize it, precisely as if the transfer had been regularly made.

2. SAME—STOCKHOLDERS' RIGHTS.

That a transferee of stock has not become a stockholder on the corporation's books does not preclude him from prosecuting an action to enjoin an injury to the stock, or to himself as the owner thereof, by an ultra vires issue of preferred stock.

3. SAME—SUIT TO COMPEL STOCK TRANSFER.

A transferee of stock is entitled to pursue his equitable remedy to compel an entry of the transfer on the books of the company, notwithstanding that on the refusal to transfer the transfer is deemed complete, and the company bound to recognize it precisely as if entered on its books.

**·4. SAME—RIGHTS OF STOCKHOLDERS.**

Where the entry of a transfer of stock on the books of a company was refused, an action by the owner to enjoin an illegal issue of preferred stock injurious to the interest of the stockholders need not be postponed to the prosecution of an action to compel a transfer on the books, but relief in both cases may be secured by one action.

**5. SAME—ACTION BY STOCKHOLDERS—COMMON LAW—PRESUMPTION.**

Where stockholders of a New Jersey corporation seek to maintain an action in New York on the ground of unlawful injury to their property and vested contract rights, their rights are to be ascertained and determined by the common law of New York, which is presumed to be the same as that of New Jersey.

**·6. SAME—PLEADING AND PROOF.**

Where the complaint against a New Jersey corporation to enjoin an issue of preferred stock alleges that there is no provision of law which, in express terms or by necessary implication, authorizes such issue, it is sufficient, to authorize proof of all the statutes of that state applicable to the corporation, to show that no such authority had been conferred on it.

**7. SAME—ISSUE OF PREFERRED STOCK**

Without statutory authority, a corporation cannot issue preferred stock, to the prejudice and injury of the owners of the common stock, without their unanimous consent.

**·8. SAME—TRANSFER OF STOCK—PRESUMPTION.**

On a transfer of stock it will not be presumed that the assignor consented before the transfer to an issue of preferred stock to the prejudice and injury of himself and other stockholders.

**·9. SAME—ISSUE OF PREFERRED STOCK—INJUNCTION.**

An equitable action will lie in favor of a stockholder of common stock to enjoin any unauthorized issue of preferred stock.

**10. INJUNCTION—OBJECTION TO JURISDICTION.**

An objection that the court is without jurisdiction to enforce a decree enjoining a foreign defendant can be raised by that defendant only.

**.11. DEMURRER FOR WANT OF EQUITY.**

A demurrer for want of equity cannot be sustained unless the court is satisfied that no proof properly admissible under the complaint can make the subject-matter of the suit a proper case for equitable cognizance.

Action by Morris L. Ernst and another against the Elmira Municipal Improvement Company and others. New York Guaranty & Indemnity Company and the Mutual Life Insurance Company, defendants, separately demur. Demurrers overruled.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer, of counsel), for plaintiffs.

Carter & Ledyard (Charles D. Wetmore, of counsel), for defendants.

LAUGHLIN, J. This action is brought by owners of capital stock of the Elmira Municipal Improvement Company to enjoin the issue of certain preferred stock by it to the other defendants, and to compel said company and its agent for registering transfers of its capital stock, the guaranty company defendant, to recognize and record a transfer of such stock to the plaintiffs. The complaint alleges that the plaintiffs are residents of this state, co-partners in business, and acquired for a valuable consideration, and own and hold, 50 shares of stock, of the par value of $5,000, in the defendant the Elmira Municipal Improvement Company, a New Jersey corporation organized principally for the purpose of making public improvements for com-

pensation in the city of Elmira, N. Y., where it has an office, and is doing business; that the said Elmira Improvement Company was authorized by its charter to, and did, issue 10,000 shares of common stock, of the par value of $100 each, equal in value, and that the holder of each share of such stock acquired the same interest in the corporation, its capital, affairs, and profits to be made, as the holder of any other share therein, and that it had no right, power, or authority, by virtue of its charter or of the laws under which it was incorporated, to issue preferred stock, or to classify the shares of its capital stock with peculiar privileges to one share over another, or to distinguish between its stockholders, or to give to one class rights in the corporate property, business, or earnings from which other stockholders are excluded; that after plaintiffs acquired their stock, and without their consent, and against their protest, the Elmira Company, defendant, without any right or authority so to do, announced its intention to, and has, created, or is about to create, a new issue of preferred stock to the amount of $300,000, giving it a preference over the common stock, and giving its holders the right to dividends out of the company's earnings before any dividends are to be declared in favor of, or paid to, the holders of the common stock, and that such issue of preferred stock is in violation of the rights of the plaintiffs, will materially depreciate the value of their stock, and may render the same worthless, and that the market value of the common stock has already been depreciated by the mere announcement of such intention to issue preferred stock; that the defendant Robinson is the president of the Elmira Company, defendant, and that such preferred stock is to be issued to him, not for the purchase of property or a loan of money to the corporation, but is to be by him assigned to the other defendant companies, which are domestic corporations having their principal places of business in New York City, where such stock is to be deposited, pursuant to some personal agreement in writing made by and between said Robinson and them, and as collateral security for his performance of the covenants of such agreement, and on the express condition that such preferred stock shall be forfeited, and become the property of said insurance and guaranty companies, in case of a breach of such agreement by said Robinson; that said insurance and guaranty companies claim the right to such preferred stock under such agreement with Robinson, and threaten and intend to receive and hold the same thereunder, and will, in case of a breach of said agreement, place such stock upon the market for sale as their own, and thereby a portion of the stock may reach the hands of innocent holders, which would give rise to a multiplicity of suits; and that there are numerous stockholders situated similarly to the plaintiff, and the action is also brought for the benefit of such of them as may come in and contribute to the expense thereof. The plaintiffs further show that the Guaranty Company, defendant, is the registrar of transfers of stock of the Elmira Company, and that it has refused to record the transfer of stock to the plaintiffs upon demand and offer by them to surrender up the certificates of stock so transferred to and held and owned by them, and theretofore issued to, and standing on the books

of the company in the name of, their assignor.    The defendants the New York Guaranty & Indemnity Company and the Mutual Life Insurance Company, appearing separately, each demur to the complaint upon the ground that the same fails to state facts sufficient to constitute a cause of action against it.

It will be observed that neither Robinson nor the Elmira Municipal Improvement Company demurs to the sufficiency of the complaint, or in any manner questions the jurisdiction of the court.    The other defendants, however, argue that no cause of action is stated against the Elmira Company; that it is not shown that the Elmira Company has not power and authority to issue the preferred stock as contemplated.    It therefore becomes necessary at the outset to determine this question, for the demurrants cannot be enjoined from accepting stock lawfully issued.    The demurring defendants contend that the plaintiffs' only remedy is an action at law to recover the value of the stock as damages for the wrongful refusal to transfer the stock on the books of the company and to issue new stock to the plaintiffs.    It is argued that the corporation owes no duty to the transferee of stock and that there is no privity between him and the company until he has become a stockholder on its books.    I cannot agree with the contention.    It may be essential to the enjoyment by a stock owner of certain rights and privileges—such as receiving notice of stockholders' meetings and voting thereat—that the transfer of stock to him should be registered, and new stock issued; but without such registration he is the absolute owner of the stock, and as such may prosecute an action for injury to it, or to himself as proprietor thereof.    It has long since been settled that an equitable action may be maintained by a transferee of stock to compel the company to transfer the stocks upon its books, and that a wrongful refusal to transfer amounts to a waiver of the statutory requirement, and the corporation will not be permitted to take advantage of its own wrong, but the transfer will be deemed complete, and the company will be bound to recognize it, precisely as if the entries had been made upon the company's books.    Cushman v. Manufacturing Co., 7 Daly, 330, 76 N. Y. 365; Robinson v. Bank, 95 N. Y. 637; Ervin v. Navigation Co., 62 How. Prac. 492, 493; Rice v. Rockefeller, 134 N. Y. 174–181, 31 N. E. 907; Bank v. Boardman, 47 Hun, 149, 150; Archer v. Water Co., 50 N. J. Eq. 49, 24 Atl. 508; 2 Thomp. Corp. § 2425; Campbell v. Zylonite Co., 55 N. Y. Super. Ct. 562, 3 N. Y. Supp. 822; Id., 122 N. Y. 455, 25 N. E. 853.    It does not follow that since the plaintiffs are, on the facts alleged, both the legal and equitable owners of the stock, they need no equitable remedy, for they are entitled to have the transfer entered on the books of the company, and to have new certificates of stock issued to them in their own names, to the end that they may stand in an unquestionable position for the assertion and protection of their rights and interests in the corporation, whatever such rights and interests may be.    These considerations also dispose of the point made by the defendants that, even if the proposed issue of stock be ultra vires, the plaintiffs cannot obtain relief until they have first become stockholders of record. The demurrer admits that the plaintiffs are stock owners, and are

entitled to be stockholders, and would be such but for the wrongful act of the guaranty company in refusing to recognize a lawful transfer of stock. No sound principle of procedure requires that, under such circumstances, the plaintiffs should first resort to an action in equity to compel a transfer of the stock before bringing an action to enjoin an illegal issue of stock which will materially depreciate the value of their stock. If such a rule were sanctioned, the unauthorized issue of stock might, and ordinarily would, be consummated before the stockholder could be in a position to obtain an injunction, and the remedy would be utterly inadequate for the full protection of his rights. No good reason is assigned or perceived why this relief cannot be granted concurrently in the action to enjoin the illegal issue of preferred stock, and the interests of the stockholders require that this be done.

The demurrants also contend that it is not sufficiently or properly averred that the Elmira Company has not authority to issue the preferred stock as contemplated, and that the allegations of the complaint that the Elmira Company was without any right, power, or authority so to do by virtue of its charter or of the laws under which it was incorporated are mere conclusions of law. The complaint does not allege, and plaintiffs do not, that the proposed issue of stock is expressly forbidden by the charter or statutes, but that there is no provision of law which, in express terms or by necessary implication, authorizes such issue. The rule that where the cause of action is given by and based upon a foreign statute its provisions must be pleaded as facts, is not applicable. The plaintiffs seek to maintain this action on the ground of unlawful injury to their property rights,—their vested contract rights,—and these are· to be ascertained and determined by the application of general principles and rules of law declared and established by the decisions of the courts, being the common law of this state, and it is presumed to be the same in New Jersey. Light Co. v. Claffy, 151 N. Y. 37, 45 N. E. 390; Kent v. Mining Co., 78 N. Y. 159–179; Campbell v. Zylonite Co., 122 N. Y. 455, 25 N. E. 853; Pratt v. Asylum, 20 App. Div. 354, 46 N. Y. Supp. 1035. The allegations of the complaint on this subject are sufficient to authorize proof of all of the statutes of New Jersey applicable to the Elmira Company to show that no such authority has been conferred upon it. Schluter v. Bank, 117 N. Y. 131, 22 N. E. 572; Wright v. Chapin, 74 Hun, 526, 26 N. Y. Supp. 825. In the absence of a statutory provision of law reserving such power, there can be no issue of preferred stock in a corporation to the prejudice and injury of the owners of the common capital stock without their unanimous consent. Each stockholder has a vested individual right in his proportionate share of the corporate property and of the profits of the business. Such right cannot be impaired by the action of the directors, or of any majority of the stockholders, without his consent. It is alleged that plaintiffs did not consent thereto, and it will not be presumed that their assignor gave such consent before the transfer, and he could not give it thereafter. It is well settled by authority that a suit in equity will lie by a holder of common stock to enjoin any unlawful or unauthorized issue of prefer-

red stock. Kent v. Mining Co., 12 Hun, 56, 78 N. Y. 159; Campbell v. Zylonite Co., 122 N. Y. 455, 25 N. E. 853.

It is also urged in support of the demurrers that, the Elmira Company being a foreign corporation, and there being no allegation that any of the officers reside in this state, any decree that the court may make could not be enforced against it. The Elmira Company has not raised that question, and may never raise it; and it is quite probable from the allegations of the complaint as to the purpose of its incorporation, as to the place it has its office and is doing business, that a majority of its officers, and the books, records, and property of the company are within the jurisdiction of this court, and that its decree, if in favor of the plaintiffs, would be obeyed, or would be enforced. The question is irrelevant to these demurrers, which do not present the question of jurisdiction, and it concerns the Elmira Company only. The complaint states a sufficient cause of action for equitable relief.

Whether, when all the facts are developed on the trial, it will appear that the court should refrain from granting the decree prayed for on the ground that it could not be enforced, or whether the relief should be granted because a part compliance can be compelled here on the ground that the case may be so plain that the decree would be adopted and enforced by the courts of New Jersey, are questions that will be addressed to the sound discretion of the trial court; but, although argued at length, they are not presented by these demurrers. A demurrer for want of equity cannot be sustained unless the court is satisfied that no proof properly admissible under the complaint can make the subject-matter of the suit a proper case for equitable cognizance. Bleeker v. Bingham, 3 Paige, 246; Le Roy v. Veeder, 1 Johns. Cas. 427. Each of the demurrers is, therefore, overruled, with leave to the demurring defendants to interpose an answer within 20 days, on paying the costs of the demurrer. Let an interlocutory judgment be entered accordingly.

Ordered accordingly.