# Empire Realty Co., *et al. v.* Harton.

*Bill to Enforce Trust and to Declare Certain, Stock Issue Fraudulent and Void.*

(Decided December 19, 1911.   Rehearing denied February 15, 1912.
57 South. 763.)

1. *Corporations; Stockholders; Right to Sue.*—Before one can sue as a stockholder in a corporation he must be at the time a stockholder in such corporation.

2. *Same; Status as Affected by Fraud.*—Where a person was once a stockholder, that character and the rights incident and pertaining thereto cannot be divested by wrongful, legally fraudulent, conduct or action on another's part.

3. *Same; Execution Sale; Inadequacy of Price.*—Mere inadequacy of price at which stock is sold under execution renders the sale voidable only at most, and unless it is avoided in the proper way the execution debtor whose stock is thus sold cannot maintain a suit on behalf of the corporation.

4. *Conclusions; Fraud.*—Where a bill is filed to set aside a sale of complainant's stock under execution and does not show that respondents did not have the right to direct issuance of the execution on the judgment against complainant, and have it satisfied by levy on and sale of the stock, it does not show fraud, by the mere allegation of a fraudulent intent.

5. *Execution; Sale; Relief Against.*—Relief may be had by motion seasonably made in the court from which the execution issued, and the sale thereon may be vacated for gross inadequacy, but such relief cannot be had in equity in the absence of fraud or collusion in the sale or inability of the court of law to afford adequate relief.

6. *Equity; Bill; Multifariousness.*—A bill to avoid the execution sale of complainant's stock in a corporation, and to have wrongs of the corporation redressed is multifarious, since the action of the respondents in having complainant's stock sold is not related by averments of fact to the fraudulent purpose against the rights and interests of the corporation so as to make them elements of a single wrongful purpose.

[Empire Realty Co., et al. v. Harton.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by H. M. Harton against the Empire Realty Company and others to enforce a resulting or constructive trust in favor of the Ensley Realty Company, and to declare certain sales of stock therein fraudulent and void. From a decree overruling demurrers to the bill, respondents appeal. Reversed, rendered and remanded.

The demurrers referred to are as follows: (5) "Complainant shows no right to file this suit in his own name as a stockholder of the Ensley Realty Company." (9a) "Said bill is multifarious." (9d) "It is not averred or shown that the Ensley Realty Company has not received its full rights in the premises."

CAMPBELL & JOHNSON, for appellant. It is essential to the maintenance of a stockholders bill on behalf of a corporation that the complainant be a stockholder when the bill is filed.—*Hodges v. U. S. S. Corp.*, 53 Atl. 601; *Hanna v. Peoples Bank*, 76 N. Y. App. 224; *Doyle v. Muntz*, 5 Hare 509; *Lawson v. Stanley*, 15 N. Y. Sup. 707; *Tutwiler v. Tuscaloosa*, 89 Ala. 391; Cook on Corporations, sec. 735. Complainants' stock had been sold eighteen months before the filing of the bill, and even if it be said to be voidable it passed title to the stock until set aside by some appropriate proceeding.— *Howard v. Corey*, 126 Ala. 290; *DeLoach v. Robbins*, 102 Ala. 288; Secs. 4124 and 4125, Code 1907. The bill as amended is multifarious, and cannot be maintained in both aspects in which is is filed.—*Inman v. N. Y. Water Co.*, 131 Fed. 997; Cook on Corp. sec. 739; *Whitney v. Fairbanks*, 54 Fed. 985; *Harton v. Johnson*, 51 South. 992; *Tutwiler v. Tuscaloosa, Co., supra; Seales v. Phciffer*, 77 Ala. 278; *Meecham v. Williams*, 9 Ala. 842; *McIntosh v. Alexander*, 16 Ala. 87; *Adams v. Jones*,

[Empire Realty Co., et al. v. Harton.]

68 Ala. 117; *Am. Ref. Co. v. Linn,* 93 Ala. 610; *Slosson v. McNulty,* 125 Ala. 129. The amendment seeking relief from the execution sale is without equity in the absence of an averment of fraud or some legal wrong giving equity cognizance of it.—*Mobile Cotton Co. v. Moore,* 9 Port. 679; *Abercrombie v. Conner,* 10 Ala. 297; *McCallum v. Hubbert,* 13 Ala. 291; *Lockett v. Hurt,* 57 Ala. 200; *Cowan v. Sapp,* 74 Ala. 46; *Howard v. Corey, supra;* Sec. 4134, Code 1907. Under the facts averred the Empire Realty Co., is to be regarded as a bona fide purchaser for value.—*Frankell v. Hudson,* 82 Ala. 158; *Scotch L. Co. v. Sage,* 132 Ala. 598; *C. of Ga. v. Joseph,* 125 Ala. 319. The Jefferson County Bank was not a necessary party. The bill is not sufficient as one by a stockholder on behalf of a corporation.—*L. & N. v. Neal,* 128 Ala.; *Johns v. McClesky,* 137 Ala. 283; *Montgomery L. & W. P. Co. v. Lahey,* 121 Ala. 131. The bill was not sufficient as a bill to establish either a resulting or a constructive trust.—*Sanford v. Hammond,* 115 Ala. 414; *Lehman v. Lewis,* 62 Ala. 136; *Tilford v. Torrey,* 53 Ala. 122; *Mobile I. Co. v. Randall,* 71 Aal. 220; *Allen v. Caylor,* 120 Ala. 251; *Frenkel v. Henderson,* 82 Ala. 158.

S. C. M. AMASON, for appellee. The failure to issue the stock or certificate of stock does not prevent the appellee from becoming a stockholder in the Ensley Realty Co.—*Harton v. Johnson,* 51 South. 992; *Knox v. Childersburg L. Co.,* 86 Ala. 180; *Frenkel v. Hudson,* 82 Ala. 158; 95 Wis. 145; 26 A. & E. Enc. of Law, 895. Capital stock of a corporation is personal property.—*Burney Nat. Bank v. Pinkard,* 87 Ala. 577. A naked or dry trust of personal property is valid and enforceable although made in parol.—*Johnson v. Amberson,* 140 Ala. 342; *Moore v. Campbell,* 21 South. 353; *Sayre v. Weil,*

94 Ala. 466; *Patton v. Beecher*, 62 Ala. 579. The subscription in the name of the wife did not constitute a fraudulent conveyance.—1 Iredel 553; 3 T. B. Monroe 187. Respondents cannot claim a valid title to the property purchased at the receiver's sale, and at the same time repudiate the validity of that title in defense of this suit.—*State, ex rel. Sanche v. Webb*, 110 Ala. 214; *Owensboro W. Co. v. Bliss*, 132 Ala. 253; *Robinson v. Pebworth*, 71 Ala. 240. Under the facts averred in the bill, the complainant has a perfect right to maintain this bill as a stockholder on behalf of the Ensley Realty Co.—*N. L. Assn. v. Grady*, 137 Ala. 219; *Johns v. McLester*, 137 Ala. 283; *Montgomery L. & W. P. Co. v. Lahey*, 121 Ala. 131; *Tillis v. Brown*, 45 South. 589; *Steiner v. Parsons*, 103 Ala. 215; *Montgomery T. Co. v. Harmon*, 140 Ala. 505; *Hawes v. Oakland*, 104 U. S. 450. It was not necessary to make the other stockholders parties defendant to this suit.—*Morris v. Elyton L. Co.*, 125 Ala. 263, and authorities next above. Under the averments of the bill of complaint as amended, equity will raise a constructive trust in favor of the Ensley Realty Co. and impress it upon the property.—*N. L. Assn. v. Grady, supra; Firestone v. Firestone*, 49 Ala. 128; *Reynolds v. Collins*, 78 Ala. 94; *T. R. T. Co. v. Kavanaugh*, 101 Ala. 1; 14 Am. St. Rep. 88; 24 Minn. 269; 32 Am. Rep. 264; 55 Cal. 273; 69 Ind. 273; 1 A. & E. Enc. of Law, pp. 950-963. A corporation is a trustee of corporate property for the stockholders, and cannot do any act that would depreciate, ruin or destroy the value of the stock or the property.— *First Nat. Bank v. Winchester*, 119 Ala. 168; 6 Allen 52; 144 Fed. 770. The bill sufficiently alleges notice to Johnson of the ownership of the notes with which he purchased the property at receiver's sale.—*Lindsay v. Cooper*, 94 Ala. 170; *Bland v. Bowie*, 53 Ala. 152;

*Fore v. McKenzie,* 57 Ala. 115. The Empire Realty Company, therefore, became a trustee in invitum in behalf of the property purchased at the receiver's sale. —*Moore v. McClure,* 124 Ala. 120; *Kent v. Dean,* 128 Ala. 600; *Howison v. Baird,* 40 South. 94; *Chambers v. Chambers,* 98 Ala. 454; *Thompson v. Thompson,* 107 Ala. 163. Johnson, therefore, took it subject to the trust as the trustee in invitum.—Authorities next above. The property can be so traced as to be charged with constructive trust in its behalf.—Authorities next above. The relief sought is not barred by prescription, laches or limitation.—*Haney v. Legg,* 129 Ala. 619. The sale of the stock was nothing more than a mere spoilation and constituted oppression and confiscation.—*Ray v. Womble,* 56 Ala. 32; *Henderson v. Sublet,* 21 Ala. 626; *Langford v. Jackson,* 21 Ala. 650. The averments of the bill as amended as to fraud and fraudulent conspiracy are sufficient.—*Balkum v. Breare,* 48 Ala. 75; *Mc-Broom v. Reeves,* 1 Stew. 72. The bill as amended is not multifarious as the purpose is single, and only one general relief is sought.—*N. L. Assn. v. Grady,* 137 Ala. 219; *Collins v. Stix,* 96 Ala. 438; *Hines v. Hines,* 80 Ala. 225; *Morris v. Elyton L. Co.,* 125 Ala. 263; *Randle v. Boyd,* 73 Ala. 282; *Elyton L. Co. v. Dowdell,* 113 Ala. 177. The bank was a necessary party to the bill of complaint as amended.—*Wilkinson v. May,* 69 Ala. 33; *Johnson v. Little,* 141 Ala. 382; 6 A. & E. Enc. of Law, 80.

McCLELLAN, J.—This bill, exhibited by H. M. Harton, purports to be one by a stockholder in the Ensley Realty Company, in behalf of that corporation, and seeks the declaration and enforcement of a "resulting or constructive trust" in its favor in property alleged to have been purchased by the use of assets of the Ensley

Realty Company. It is the successor of the bill considered, and stricken on demurrer, in the cause of *Harton v. Johnston et al.,* 166 Ala. 317, 51 South. 992. Abstractly speaking, it is, of course, a sine qua non to the maintenance of such a bill that the complainant be at the time a stockholder in the corporation in behalf of which he would proceed.—10 Cyc. p. 974; Cook on Corp. § 735; *Inman v. N. Y. Water Co.* (C. C.) 131 Fed. 999; *Hodge v. U. S. Steel Corp.,* 64 N. J. Eq. 90, 53 Atl. 601; *Hanna v. People's Bank,* 76 App. Div. 224, 78 N. Y. Supp. 516; *Tutwiler v. Tuscaloosa Co.,* 89 Ala. 391, 7 South. 398.

Whether a complainant is a stockholder, invested, under proper conditions, with the right to implead in behalf of the corporation, presents, of course, a different inquiry. Once a stockholder, it is clear that that character, and the rights incident and pertaining thereto, cannot be divested by wrongful, legally fraudulent, conduct or action. It is but the statement of a truism to say that no right can be lost or acquired by such conduct alone.

The complainant was a stockholder in the Ensley Realty Company. Prior to the filing of this bill, all the shares of stock in the corporation in which complainant had any interest were levied upon and sold under an execution issuing out of the city court of Birmingham. No irregularity in the proceeding appears. The judgment plaintiff was T. B. Lyons; and from an exhibit to the amended bill, interpreting it against the pleader, it appears that he had assigned the judgments upon which the executions issued. To whom is not, with certainty, shown. It is averred in the amended bill that Johnston and Enslen, against whom wrongful conduct in respect of the rights and properties of the Ensley Realty Company is charged, procured the issuance of

the executions mentioned, and so with the purpose and intent of forestalling and preventing complainant from proceeding to the enforcement and protection of the corporate rights of the Ensley Realty Company, the consequence being, if unavoided, to divest complainant of his character as a stockholder therein. To be relieved of this condition, the amended bill seeks the setting aside and vacation of the sales under the executions; and, along with the ground implied in the stated charge of fraudulent purpose on the part of Johnston and Enslen, it is alleged that the purchase by them of the stock was at a grossly inadequate price, specifying that paid on the one hand, and the value of the stock, on the other, and that the complainant was without means to pay the judgment against him and without ability to secure the means to do so or to avert the sale.

As amended the bill offers to have Johnston and Enslen, if they are the owners of the judgments, paid the judgments and interest and other lawful charges incident thereto, out of dividends, accrued or to accrue, on or to said stock. Unless the sale is avoided, the complainant was not a stockholder when his bill was filed; and hence cannot maintain the cause. Granting the most to complainant, under his amended bill, the grounds upon which he would vacate the sale render it voidable only, not void; and, in consequence, the title to the stock vested in the purchasers, subject to be divested if the sale is vacated.—*Howard v. Corey,* 126 Ala. 283, 28 South. 682.

Under the allegations of the amended bill, in respect of the fraudulent intent with which Johnston and Enslen caused the issue of the executions and the sales of the stock in question, there was some doubt, at first, whether the demurrer, objecting merely that it affirmatively appeared complainant was not a stockholder,

and that no fraud was shown, did not admit the general averment of fraudulent intent, and hence deprived that ground of any point; for clearly, taking the averments as true on this hearing, these parties could not fraudulently divest the complainant of his character and rights as a stockholder and thereby deprive him of the standing in court he assumes in this bill. They could not prevent the inquiry sought by reliance upon their fraudulent conduct to create an obstacle thereto.— *Ernst v. Elmira Imp. Co.*, 24 Misc. Rep. 583, 54 N. Y. Supp. 116. If the facts as to the sales of the stock averred do not in themselves, or by necessary inferences, show fraud therein, the general allegation—a conclusion of the pleader—that fraud inhered therein does not answer the purpose of good pleading in such matters— 1 Daniell's Ch. Prac. pp. 321, 536, 537. And a conclusion of fraud, not justified by the facts set forth, is not confessed by demurrer, for that pleading alone confesses facts well pleaded.—*Flewellen v. Crane*, 58 Ala. 627; among others delivered here. The conclusion averred as stated is hence dismissed from consideration. To the facts set forth must reference be had to determine whether the execution sales may be avoided; for, if not so, the complainant was not a stockholder when he filed this bill.

There is no averment in the amended bill that excludes the possession by Johnston and Enslen of the absolute right to direct the issuance of the executions, and to invite their satisfaction by appropriate levy and sale. If this right they had, no fraudulent intent or act could be predicated of it simply because the levy was made upon the stock in question and its sale regularly effected. There is no irregularity in the sale shown. No act of theirs calculated to depress the bidding at the sale is charged. Notice of the levy and sale seems

to have been given. The complainant undertook by
motion to have the execution quashed by the city court
before the sale was had. The court declined to interfere.
So on this phase of this particular feature of the amend-
ed bill the major question pertinent to this inquiry is:
Will a court of equity vacate a sale under execution for
gross inadequacy of the price bid, alone?

Upon motion, seasonably made, in the court of law
whence emanates the execution, a sale will be vacated
for such gross inadequacy of price as will create the pre-
sumption of fraud.—*O'Bryan Bros. v. Davis,* 103 Ala.
429, 15 South. 860; *Lockett v. Hurt,* 57 Ala. 198.
Greater reasons invite such action where the subject
of sale is chattels.—Author, supra. Unless there is some
element of fraud or collusion in the sale itself, or inabil-
ity of the court of law to afford adequate relief by the
vacation of a sale under execution, equity cannot be in-
voked, for the court of law furnishes a complete remedy.
—*Clark v. Allen,* 87 Ala. 198, 6 South. 272. In the con-
crete, *Ray v. Womble,* 56 Ala. 32, and *Lockett v. Hurt,*
*supra,* both present instances where the remedy at law
was not adequate, the sale attacked having led to the
creation, it was averred, of a cloud on the title to real
estate, for the removal of which the law courts are with-
out power. In other words, equity's jurisdiction was in-
voked upon well-recognized ground for its interference,
and in the former case, independent of any factor of in-
adequacy of price. Reading the averments of the amend-
ed bills as having the legal effect indicated, the com-
plainant should have seasonably sought the vacation of
the sale in the court of law; his remedy there having
been adequate and complete.

It was evidently the idea of the pleader that the alle-
gation of improper motive entertained by Johnston and
Enslen for the issuance of the execution for its levy

upon the stock and for its sale was articulate with the previous fraudulent intent charged. This conception cannot be approved, for the reason, already indicated, that there is nothing of fact averred in the amended bill upon which to predicate such view. To repeat, aside from the general allegation of improper purpose and intent in the levy upon and sale of the stock, there are no facts set down which, in themselves or by necessary inference impeach the conduct of Johnston and Enslen in respect of the execution and the sale thereunder. It may be granted that the effectuation of the sale of the stock, thereby denuding complainant of his relation of stockholder to the Ensley Realty Company, would, as a consequence, forestall the assertion of the rights of the Ensley Realty Company against Johnston and Enslen and the Empire Realty Company, if not others, yet it does not follow therefrom that the judicial sale may be avoided without some averred vitiating fact or act which will invite equity's interference.

If the action of Johnston and Enslen in having the execution issued, levied, and the stock sold was related by the averment of facts to the fraudulent purpose and intent against the rights and interest of the Ensley Realty Company, the pleader ascribes in this particular in most general terms to them, then the acts and purposes of Johnston and Enslen in respect of the execution and sale and their previously alleged wrongful conduct in respect of the rights and interests of the Ensley Realty Company might be taken as elements of the single wrongful purpose with which the pleader probably intended to charge them. This state of averment is not shown by the amended bill; so the relief sought in the aspect of the amended bill, whereby the avoidance of the sale is prayed, and, in the other aspect, whereby redress of corporate wrongs is asked, are distinct, in-

[Hays, et al. v. Dillard.]

dependent reliefs—the former individual to the complainant and the latter corporate alone—and the bill is for that reason multifarious.

The following grounds of R. D. Johnston's demurrer, and the like grounds set down in the demurrers of other respondents, were, in our opinion, well taken: 5, 9a, and 9d. The court erred in overruling the demurrers taking the objections indicated.

The decree is reversed, and one will be here rendered sustaining the demurrers on the grounds noted above.

Reversed, rendered, and remanded. All the Justices concur, save DOWDELL, C. J., not sitting.