# Harton v. Johnston, et al.

### Bill to Cancel Deeds and for an Accounting.

(Decided February 12, 1914.  Rehearing denied April 16, 1914.
65 South. 47.)

*Executions; Sale of Stock Under; Cancellation; Bill.*—The allegations of the bill examined and held not to sufficiently allege fraud on the part of Johnston and Enslen in procuring the issuance of the execution under which complainant's stock was sold, and hence, that the demurrer thereto was properly sustained.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by H. M. Harton against the Empire Realty Company, R. D. Johnston, and others to cancel certain deeds, and for an accounting. From a decree for respondents on demurrer to the complaint, complainant appeals. Affirmed.

The last amendment is as follows, amending paragraph 11 of the bill of complaint: "Your orator further avers that in the month of April, 1907, R. D. Johnston began negotiations with the attorney and agent of T. B. Lyons, plaintiff in the judgments, for the purchase of same, and purchased said judgment for the sum of $4,000, the purchase being for himself and one E. F. Enslen, but that Enslen did not acquire a half interest until some time after Johnston had made the original purchase, and that, pursuant to the terms and position of purchase, Lyons assigned and transferred the judgment in June, 1907, to the Jefferson County Savings Bank to hold in trust for said Johnston and Enslen, and for their use, benefit, and purposes.; that the assignment and transfer were never entered on the record of the city court, or on the record where the judgments were recorded; and that, when the executions

were issued under which the 50 shares of stock of the
Ensley Realty Company, of which orator was legal and
equitable owner, and under which said stock was levied
and sold, neither Lee C. Bradley, the attorney and agent,
nor T. B. Lyons, plaintiff in the judgments, had or pos-
sessed any interest in the same, but that, in having
transferred the same to the Jefferson County Savings
Bank in trust for the use of Johnston and Enslen, the
object in view and the purpose and intention of said
Johnston and Enslen was to complete and consummate
the fraud that they had practiced and inflicted on the
Ensley Realty Company by depriving it of its property,
as averred in paragraph 8, by having an execution is-
sued on said judgment, and levied on said 50 shares of
stock, and purchasing it under said levy and sale so as
to secure the title to it in order to prevent orator as a
stockholder of the Ensley Realty Company from main-
taining and prosecuting a suit in behalf of the Ensley
Realty Company to recover the property or the proceeds
of the sale of it that was purchased with its note, liens,
and assets at the receiver's sale set out in paragraph 7,
so that, in the event your orator should be released and
discharged from the insane asylum at Tuscaloosa, Ala.,
and should attempt to file a suit as a stockholder of said
company," etc. It is then averred that Johnston as
president and Enslen as secretary, on the 9th day of
April, 1906, executed a deed to R. D. Johnston, con-
veying to him all the property of the Ensley Realty Com-
pany, including the promissory note executed by the En-
sley Development Company, and secured by a third lien
on all the property of the said Ensley Development
Company. A stockholders' meeting is also set out of
the Ensley Realty Company at which a resolution was
unanimously passed authorizing the deeds as above set
out, but that orator was not present, and did not vote

[Harton v. Johnston, et al.]

·for said resolution, as he was confined in the insane asylum of Tuscaloosa, and that neither his wife nor his guardian were present or authorized or directed the said sale, and that the 50 shares of stock mentioned as beloning to orator were not represented at said stockholders meeting, and were not voted to authorize the passage of said resolution, and that the third lien securing the notes above mentioned and the notes were worth $180,-000, which was greatly in excess of anything paid for it.

S. C. H. AMASON, for appellant. The bill is not multifarious, and the amendment cured the defect pointed out in the original bill on the former appeal in this case.—*Draper v. Cowles*, 27 Kan. 488; *Gregory v. Mc-Farland*, 1 Duv. (Ky.) Reps. 59; *Meriden Britannia Co. v. Whedon*, 31 Conn. 118; Ency. of Pleading & Practice, Vol. 4, (Title, Construction of Pleadings), 744, Sub-Div. 5; *King v. Townsend*, 78 Hun. (N. Y.) Reps. 380; *Gillett v. Robbins*, 12 Wis. 329; *Henry County v. Winnebago Swamp Drainage Co.*, 52 Ill. 329; *Duggan v. Wright*, 157 Mass. 231; *Thayer v. Gile*, 42 Hun. (N. Y.) Reps. 270; *Grinde v. Milwaukee, etc., R. R. Co.*, 42 Iowa 377; *Clark v. Chicago, etc., R. R. Co.*, 28 Minn. 71; *Allen v. O'Donald*, 23 Fed. Rep. 576.

See also brief in the former appeal of this case, 176 Ala. 99, 57 South. 763.

CAMPBELL & JOHNSTON, and H. C. SELHEIMER, for appellee. The allegations added by way of amendment to the original bill held defective in *Empire R. Co. v. Harton*, 57 South. 763, are not sufficient to show fraud or other wrong doing on the part of Johnston and Enslen in procuring the issuance of the execution, and the sale of complainant's stock thereunder.—27 N. E. 443; 131 Fed. 997, and cases cited on this point on former appeal.

McCLELLAN, J.—Rerefence to the report of a former appeal in this cause (styled *Empire Realty Co. v. H. M. Harton,* 176 Ala. 99, 57 South. 763) will serve to render unnecessary an elaborate explanatory statement of the nature and purposes and presently more important features of the bill as it stood, after amendment at that time. On that appeal, in response to demurrer, it was, in substance, ruled that there was no sufficient averments of *facts* wherefrom it was legally shown or inferable that an unseparated, related fraudulent purpose or intent, entertained and acted upon by Johnston and Enslen, connected the alleged fraudulent conduct of them in respect of the rights or interests of the corporation—the rights of which the bill would conserve and vindicate—with their joint or separate act in procuring the issuance of the executions on the Lyons judgments and the sale of the complainant's stock thereunder; that the allegation that the effectuation of the sale and purchase of the stock *was* with a fraudulent purpose to defeat the right of complainant, as a stockholder, to proceed in behalf of the *corporation* was manifestly but the averment of a conclusion of the pleader. And these two distinct subjects of relief sought, they being without sufficiently averred connection, could not be comprehended in one bill, without rendering it multifarious.

After the remandment of the cause the bill was amended June 12, 1912. The report of the appeal will contain its statement. The court sustained demurrer to the bill as last amended. This appeal results.

After full consideration, by the court, of the bill as so amended, the opinion is entertained that the last amendment did not avail to avert the substantial deficiency pointed out on the former appeal. There is change of phraseology and an amplification of the aver-

ments of facts; but these facts do not, in any degree, tend to show a unity—a connecting prevalence—of a fraudulent purpose with respect to the alleged wrongs to the corporation and the asserted wrong to complainant in his individual capacity as a stockholder therein. So upon the authority of the case on former appeal, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.