BRACHMAN *v.* HYMAN.

1. CORPORATIONS—STOCKHOLDER'S SUITS—FRAUD.
   Although usually it is necessary that plaintiff in a stockholder's suit be ·a stockholder, such requirement is not present when the moving party has been fraudulently deprived of his stock.

2. SAME—STOCKHOLDER'S SUITS—INDIVIDUAL AND CORPORATE RELIEF.
   Where the fraudulent deprivation of stock from the individual is connected with wrongs to the corporation, individual as well as corporate relief may be sought in the same suit.

3. JUDGMENT—COLLATERAL ATTACK.
   Generally, a judgment which has not been vacated or appealed from cannot be collaterally attacked.

4. SAME—SETTING ASIDE—EQUITY—FRAUD.
   Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party, from availing himself of his defense.

5. SAME—EQUITY—FRAUD.
   The fraud which warrants equity in interfering with a judgment must be fraud in obtaining the judgment.

6. CORPORATIONS—STOCKHOLDER'S SUITS—INDIVIDUAL AND CORPORATE RELIEF—FRAUDULENT CONSPIRACY.
   In suit by two of the former stockholders of realty company whose principal asset was a lease of premises which it had in turn sublet to various subtenants against the other stockholders, the landlord, and the corporate subtenant which paid a substantial portion of the rent and whose principal stockholder was one of the defendant stockholders of the realty company to secure an accounting with respect to affairs of the realty company since the landlord with whom the stock had been deposited as security for performance of the lease had

compelled transfer of the stock in mandamus proceedings, to require that the subtenant account for moneys due the realty company, to require that the forfeiture of the lease be set aside and the landlord be required to account for the security retained by him and profits resulting from the transfer of the stock, because of alleged fraudulent conspiracy on the part of defendants, even though plaintiffs may not gain relief in suit brought by them on behalf of the corporation, they are not without remedy for wrongs done them individually.

7. APPEAL AND ERROR—MOTION TO DISMISS—EQUITY.

Allegations of a bill of complaint must be considered in light most favorable to plaintiffs in passing upon propriety of order dismissing the bill.

8. EQUITY—ACCOUNTING.—CONSPIRACY.

Plaintiffs, two of the former stockholders of a corporate tenant of premises which were sublet to various subtenants at a profit, who claimed that the landlord and the other stockholders in the corporate tenant, one of whom was a principal stockholder of a subtenant which paid a substantial part of the rent, conspired to deprive plaintiffs of their stock which had been deposited with defendant landlord as security for performance of the lease, held, to have stated a cause of action; hence the granting of defendants' motion to dismiss was improper.

9. JUDGMENT—MANDAMUS—RES JUDICATA—ACCOUNTING—CONSPIRACY.

Whether or not judgment in mandamus proceeding by which landlord compelled the transfer to him of the stock of corporate lessee which had been deposited with him as security for performance of the lease would bar action by two former stockholders of the lessee for accounting on the ground of alleged fraudulent conspiracy of the landlord and others which resulted in loss of plaintiffs' stock was not properly determined on motion to dismiss where plaintiffs claim the mandamus proceeding was a part of the fraudulent conspiracy wholly unknown to them at the time of its pendency.

Appeal from Wayne; Simpson (John), J., presiding. Submitted April 8, 1941. (Docket No. 7, Calender No. 41,332.) Decided June 30, 1941.

Bill by Herman J. Brachman and Morris Brachman against Harry A. Hyman, Martha Hyman,

Frederick G. Clayton, Farmer-Monroe Realty Company, a Michigan corporation, and United Shirt Distributors, a Delaware corporation, for an accounting of the profits and affairs of Farmer-Monroe Realty Company, to recover an interest therein, to cancel leases made by said corporation, for an accounting of moneys due from defendants Frederick G. Clayton and United Shirt Distributors, and for other relief.  Bill dismissed.  Plaintiffs appeal. Reversed and remanded for further proceedings.

*John J. Sloan* (*Ernest D. O'Brien*, of counsel), for plaintiffs.

*Butzel, Levin & Winston,* for defendants Hyman and United Shirt Distributors.

*Douglas, Barbour, Desenburg & Purdy,* for defendants Farmer-Monroe Realty Company and Frederick G. Clayton.

BUSHNELL, J.· This is an appeal from an order granting defendants' motion to dismiss.  Plaintiff Herman J. Brachman, on October 27, 1925, was the holder of 999 shares of capital stock of defendant Farmer-Monroe Realty Company, and plaintiff Morris Brachman later became the holder of one share of stock of this company.  Defendant Harry A. Hyman was the holder of 999 shares of the stock and was president of the company.  Defendant Martha Hyman was the holder of one share.  On the above date the realty company became the lessee of certain premises in the city of Detroit, described as:

"A four-story and basement building at the northwest corner of Monroe Avenue and Farmer street, having a frontage of 42.05 ft., more or less, on Monroe, and a depth of 100 ft., more or less, on Farmer street."

The lessor was defendant Frederick G. Clayton. The rental provisions of the lease were amended from time to time and, on April 1, 1932, the lease called for a rental of $30,000 per year. As security for faithful performance, the realty company deposited with Clayton $20,000 and all the shares of capital stock owned by plaintiff Herman J. Brachman and defendant Harry A. Hyman. A certain land contract was also assigned.

The realty company had entered into various leases with defendant United Shirt Distributors and others which resulted in a benefit to the realty company over and above its expenses and obligations to the lessor. Plaintiffs alleged that sometime prior to April 1, 1932, defendants Harry A. Hyman, United Shirt Distributors, and Clayton entered into a conspiracy to deprive them of their investment and stock in the realty company. That, as a part of this conspiracy, Harry A. Hyman, who was the principal stockholder of United Shirt Distributors, falsely and fraudulently caused defendant United Shirt Distributors to withhold rents under its sublease, thereby making it impossible for the realty company to fulfill its obligations to Clayton. It is charged that, as a result of this conspiracy, the realty company was forced to default on its lease, whereupon defendant Clayton foreclosed the security, thus depriving plaintiff Herman J. Brachman and defendant Harry A. Hyman of their stock. It is asserted that the United Shirt Distributors were at all times financially able to carry out the terms of their obligations as sublessees and that their object in withholding rents was to secure a reduction in their rental obligation. Their rent was subsequently reduced by Clayton from $17,400 per year to $8,400 per year.

Plaintiffs asked for an accounting with respect to the profits and affairs of the realty company, a

cancellation of all leases made since October 31, 1933, and that the United Shirt Distributors account for moneys due under leases with the realty company. They also asked that the forfeiture be set aside and defendant Clayton account to the realty company for the $20,000 retained by him and whatever profits may have resulted from the transfer of the stock.

Defendants moved to dismiss plaintiffs' bill, setting up the following reasons: That plaintiffs' alleged cause of action was *res judicata* by reason of certain mandamus proceedings wherein Clayton compelled the transfer of the stock on October 31, 1933; that plaintiff Herman J. Brachman cannot maintain the instant suit because he no longer owns any stock in the realty company and has no interest therein; and that plaintiff Morris Brachman's interest in the controversy is less than the jurisdictional amount. Plaintiffs were also charged with being guilty of laches.

The trial judge said in a written opinion:

"In the opinion of the court, there is no question but what the mandamus suit constitutes a bar to the recovering of the shares of stock from the defendant, Clayton. The question of ownership, the right to possession and the right to transfer the stock on the books were all adjudicated at that time. 38 C. J. pp. 586, 587.

"After a careful analysis of the bill, it really amounts to a minority stockholders' suit against the corporation. Clearly from the face of the bill there is no such showing as to give the court the statutory jurisdictional amount in the case.

"After considering the entire matter, the court is of the opinion that the motions to dismiss should be granted for the reasons alleged."

Plaintiff Herman J. Brachman claims that he is entitled to bring a stockholder's suit because he was

fraudulently deprived of his stock, and that he may in the same bill of complaint seek individual relief. One of the exceptions to the rule that one must be a stockholder at the time of maintaining a stockholder's suit is where the moving party has been fraudulently deprived of his stock. See 18 C.J.S. pp. 1203, 1285; 13 Fletcher, Cyclopedia, Corporations (Perm. Ed.), p. 281; 3 Cook on Corporations (8th Ed.), p. 2410.

It has been held that a person who has been deprived of his stock by fraudulent action of the corporation may bring a stockholder's suit. *Witherbee* v. *Bowles,* 201 N. Y. 427 (95 N. E. 27). Where the fraudulent deprivation of stock from the individual is connected with wrongs to the corporation, individual as well as corporate relief may be sought in the same suit. *Empire Realty Co.* v. *Harton,* 176 Ala. 99 (57 South. 763); and *Harton* v. *Johnston,* 186 Ala. 247 (65 South. 47).

The judgment in the mandamus case, entered October 31, 1933, is still in full force and effect. It has not been vacated or appealed from and the general rule is that it cannot be collaterally attacked. *Wilkin* v. *Keith,* 121 Mich. 66. Plaintiffs, however, contend that the mandamus judgment cannot be *res judicata* because it was procured as a part of a fraudulent conspiracy wholly unknown to them at the time. If this is true, and that can only be determined after the taking of testimony, there may be some merit to plaintiffs' contention.

"Equity will not relieve a party against a judgment at law on the ground of its being contrary to justice, unless the defendant was ignorant of his defense pending the suit, or facts could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident, or the act of the opposite party,

from availing himself of his defense." *Gray* v. *Barton*, 62 Mich. 186, 196.

"The fraud which warrants equity in interfering with a judgment must be fraud in obtaining the judgment." *Grigg* v. *Hanna*, 283 Mich. 443, 456.

Defendants claim that Morris Brachman, who holds only one share of stock, must show some resulting benefit to himself by the recovery before he can maintain an action. *Curtiss* v. *Wilmarth*, 254 Mich. 242.

Plaintiffs brought action both as stockholders and in their own right. Whether there can be a resulting benefit to Morris Brachman cannot be determined except as was done in the *Curtiss Case,* namely, after taking proofs. Even if plaintiffs cannot gain relief in a suit brought by them on behalf of the corporation, that does not mean that the wrongs which may have been done them as individuals are without remedy. *Backus* v. *Kirsch,* 264 Mich. 73.

We must consider the allegations of plaintiffs' bill of complaint in their most favorable light in passing upon the propriety of an order dismissing the bill. An examination of the allegations of the bill of complaint requires the conclusion that plaintiffs have stated a cause of action.

We need not determine now whether the mandamus judgment is a bar to such action, but we do say that this determination should not have been made until after plaintiffs had had an opportunity to produce their proofs.

The order dismissing plaintiffs' bill of complaint is vacated and the cause remanded for further proceedings. Costs to appellants.

Sharpe, C. J., and Boyles, Chandler, North, and Wiest, JJ., concurred. Butzel, J., did not sit. McAllister, J., took no part in this decision.